■ In the Matter of Federal Insurance Company, Appellant, v Caryn Reingold et al., Respondents.—In a proceeding pursuant to CPLR article 75 to stay arbitration of an underinsured motorist claim, the petitioner appeals from a judgment of the Supreme Court, Queens County (Kassoff, J.), dated May 31, 1990, which (1) dismissed the proceeding and directed the parties to proceed to arbitration, and (2) "dismissed" Allstate Insurance Company as a party to the proceeding.

Ordered that the judgment is affirmed, with one bill of costs.

On May 18, 1986, as the respondent Caryn Reingold was riding as a passenger in a vehicle owned and operated by Lauren Adwar and insured by the respondent Allstate Insurance Company (hereinafter Allstate), Adwar's vehicle was hit from behind by a vehicle owned and operated by Christou

Paraskevas and insured by State Farm Mutual Life Insurance Company (hereinafter State Farm).

Allstate provided Adwar with liability coverage of $50,000 per person, not to exceed $100,000 per accident. In addition, Allstate provided Adwar with $10,000 worth of underinsurance coverage. State Farm provided Paraskevas with liability coverage of $100,000 per person, not to exceed $300,000 per accident.

On the date of the accident, Reingold was covered, by an insurance policy issued by the appellant Federal Insurance Company (hereinafter Federal) to her father. Federal's policy provided $500,000 in bodily injury liability coverage and $300,000 worth of underinsurance coverage.

Reingold recovered the full $100,000 available under the State Farm policy and thereafter sought compensation from Federal pursuant to her underinsurance coverage. When Federal refused to afford her such compensation, Reingold demanded arbitration of her claim.

Federal commenced this proceeding to stay arbitration arguing that its underinsurance benefits were not available to Reingold until she had exhausted Allstate's underinsurance benefits. In addition, Federal argued that its underinsurance coverage could be offset by the amounts that Reingold had already collected from State Farm.

The court dismissed the proceeding stating that since Allstate's bodily injury limits ($50,000/$100,000) were less than the limits of bodily injury on the offending vehicle ($100,000/$300,000), Allstate's underinsurance endorsement was not triggered. In addition, the court held that Federal was not entitled to offset the amounts Reingold had recovered from State Farm against the full amount of Federal's underinsurance endorsement limits. We agree.

Underinsurance motorist coverage will only be available where the limits of liability of the motor vehicle liable for the damages are in a lesser amount than the bodily injury liability insurance limits of coverage provided by the insured's policy (see, Insurance Law § 3420 [f] [2]; *Maurizzio v Lumbermens Mut. Cas. Co.,* 73 NY2d 951). Thus, since Allstate's bodily injury liability coverage ($50,000/$100,000) is less than the bodily injury liability limits of Paraskevas' policy with State Farm ($100,000/$300,000), Allstate's underinsurance coverage is not available (see, *Maurizzio v Lumbermens Mut. Cas. Co., supra*).

We find no merit to Federal's claim that since the offending

vehicle's liability limits are less than the combined liability coverage of Allstate and Federal, Allstate's underinsurance benefits are triggered and must be exhausted before Reingold can collect from Federal. Neither the case law nor the applicable statute (Insurance Law § 3420 [f] [2]) authorizes an injured party to *combine* her liability coverage from *several* policies, to determine whether or not the underinsurance benefits of one of the *individual* policies is triggered *(see, Fireman's Fund Ins. Co. v Freda,* 156 AD2d 364).

Federal also argues that it should be allowed to reduce the amount it must pay under its underinsurance clause by the amounts of prior insurance recoveries. However, we find that an insurer is not entitled to offset the amounts an insured has recovered from other insurance carriers against the full amount of the underinsurance endorsement limits *(see, Passaro v Metropolitan Prop. & Liab. Ins. Co.,* 128 Misc 2d 21, *affd* 124 AD2d 647; *Matter of United Community Ins. Co. v Mucatel,* 127 Misc 2d 1045, *affd* 119 AD2d 1017, *affd* 69 NY2d 777; *Garry v Worldwide Underwriters Ins. Co.,* 120 Misc 2d 91, *affd* 101 AD2d 717). Bracken, J. P., Lawrence, Eiber and Santucci, JJ., concur.