■ IBM Corporation, Appellant, v Camp, Dresser & McKee, Inc., et al., Defendants, and Ninnie Construction Corp., Respondent. [599 NYS2d 88] —In an action to recover damages, inter alia, for breach of contract, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Benson, J.), entered December 6, 1990, which granted the motion of the defendant Ninnie Construction Corp. to vacate a judgment entered upon its default in answering.

Ordered that the order is affirmed, with costs.

The plaintiff IBM Corporation commenced this action to recover damages allegedly caused to its Poughkeepsie premises by a leakage in its waste water treatment facility, which was designed by Camp, Dresser & McKee, Inc. (hereinafter CDM) and constructed by the remaining defendants. The project construction manager hired the defendant Mechanical Construction Corp. (hereinafter MCC) to serve as the general contractor and MCC, in turn, subcontracted with the defendant Ninnie Construction Corp. for the excavation work.

After service of the summons and complaint, the Supreme Court granted motions by CDM and Ninnie to compel arbitration and for a stay of this action to the extent of compelling IBM and the moving defendants to arbitrate pursuant to their

respective arbitration agreements and staying the action with respect to those defendants. The court thereafter granted an application by Ninnie to vacate the plaintiff's demand for arbitration between it and IBM on the ground that it had a contractual arbitration agreement only with MCC and not with IBM.

When Ninnie failed to answer the complaint, IBM moved for a default judgment. The motion was granted, but Ninnie successfully moved to vacate the default, arguing that it had interpreted the court's orders as having stayed the action. IBM appeals from the order vacating the default judgment against Ninnie. We find no improvident exercise of discretion in the granting of Ninnie's motion and therefore affirm.

In granting Ninnie's vacatur motion, the Supreme Court found that Ninnie had a reasonable excuse for its default in answering in that it had misapprehended the court's prior orders, that Ninnie had a meritorious defense in that it never contracted with IBM, and that the action ought to be resolved on the merits as to all defendants. We find no basis to conclude otherwise. Mangano, P. J., O'Brien, Pizzuto and Joy, JJ., concur.