■ In the Matter of THOMAS ASTUTO, Respondent, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant. [604 NYS2d 200] —In a proceeding pursuant to CPLR article 75, State Farm Mutual Automobile Insurance Company appeals from an order of the Supreme Court, Richmond County (Leone, J.), dated October 18, 1991, which denied its motion to vacate a prior order of the same court, dated May 9, 1991, which granted the petitioner's application to compel arbitration on the issue of underinsured motorist coverage, upon the appellant's default in answering.

Ordered that the order is reversed, on the law, with costs, the motion to vacate the order dated May 9, 1991, is granted, that order is vacated, the petition is dismissed, and the petitioner is permanently stayed from proceeding to underinsured motorist arbitration against State Farm Mutual Automobile Insurance Company.

In determining whether to vacate a default, the pertinent considerations are whether the movant has presented a reasonable excuse for its default and whether it has a meritorious defense (see, IBM Corp. v Camp, Dresser & McKee, 194 AD2d 645).

The defense which State Farm Mutual Automobile Insurance Company asserts in its motion papers, that the underinsurance provision on which the petitioner relied in making his claim has not been triggered under this particular set of conditions, is indeed a meritorious one *(see, Matter of Federal Ins. Co. v Reingold,* 181 AD2d 769). The petitioner's attempt to base his claim on a consideration of the existence of an umbrella policy issued by a different insurer by which he was also covered is precluded by the pertinent provision of the policy on which he has made his claim.

We further find that the excuse presented by State Farm Mutual Automobile Insurance Company, that it was under the impression that the insurer under the umbrella policy would handle the matter, and therefore did not oppose the motion to compel arbitration, was, under these circumstances, a reasonable one. Bracken, J. P., Balletta, Eiber, O'Brien and Pizzuto, JJ., concur.