■ ANTHONY J. MAIOCCHI, Respondent, v NICHOLAS PANICCIA et al., Appellants. [609 NYS2d 816] —In an action to recover attorney's fees, the defendants appeal from so much of an order of the Supreme Court, Westchester County (Ruskin, J.), dated November 7, 1991, as denied that branch of their motion which was to vacate a judgment of the same court, entered March 1, 1991, upon their default in answering.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly exercised its discretion in denying the defendants' motion to vacate a default judgment which had been entered against them. The defendants did not offer a reasonable excuse for their default or demonstrate the existence of a meritorious defense (see, Fidelity & Deposit Co. v Andersen & Co., 60 NY2d 693; Pagones v Maddox, 199 AD2d 483; Matter of Astuto v State Farm Mut. Auto. Ins. Co., 198 AD2d 503; IBM Corp. v Camp, Dresser & McKee, 194 AD2d 645; Matter of United States Auto. Assn. v Steiger, 191 AD2d 496). Thompson, J. P., O'Brien, Joy and Altman, JJ., concur.

■ RICHARD A. MARCOUX, Respondent, v MARTIN GOLDSTEIN, Appellant. [609 NYS2d 817] —In an action to enforce a judgment by confession, the defendant appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered September 9, 1991, which denied his motion to vacate the judgment.

Ordered that the order is affirmed, with costs.

Contrary to the defendant's contentions, the affidavit of confession of judgment did not, by its terms, prohibit its filing with the clerk before October 16, 1991. By its express terms the affidavit of confession of judgment authorized the plaintiff to file the judgment upon the defendant's default. Since the defendant did default, the subsequent filing of the judgment was not improper (see, CPLR 3218 [b]; cf., Rae v Kestenberg, 23 AD2d 565, affd 16 NY2d 1023). Thompson, J. P., Rosenblatt, Ritter, Friedmann and Krausman, JJ., concur.