■ In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE Co., Respondent, v GEORGE ROTH et al., Appellants. [613 NYS2d 713] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an underinsured motorist claim, George Roth and Susan Roth appeal from an order of the Supreme Court, Nassau County (McCaffrey, J.), dated December 23, 1992, which granted the petitioner's application to stay arbitration.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the petitioner's application to stay arbitration. Underinsured motorist coverage will only be available where the limits of liability of the motor vehicle liable for the damages are in a lesser amount than the bodily injury liability insurance limits of coverage provided by the insured's policy (see, Insurance Law § 3420 [f] [2]; Maurizzio v Lumbermens Mut. Cas. Co., 73 NY2d 951; Matter of Federal Ins. Co. v Reingold, 181 AD2d 769). Here, the bodily injury liability limits of the appellants' policy were the same as the bodily injury liability limits of the tortfeasor's policy. Therefore, the tortfeasor's vehicle was not underinsured. The appellants' attempt to base their claim on a consideration of the existence of an umbrella policy issued by a different insurer by which they were also covered is without merit (see, Matter of Astuto v State Farm Mut. Auto. Ins. Co., 198 AD2d 503). Neither the case law nor the applicable statute (see, Insurance Law § 3420 [f] [2]) authorizes an injured party to combine its liability coverage from several policies, to determine whether or not the underinsurance benefits of one of the policies is triggered (see, Matter of Federal Ins. Co. v Reingold, supra). Bracken, J. P., Lawrence, Joy and Goldstein, JJ., concur.