■ In the Matter of METROPOLITAN PROPERTY AND LIABILITY INSURANCE COMPANY, Respondent, v ROBERT WOODS et al., Appellants. [620 NYS2d 419] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an underinsured motorist claim, Robert and Kathleen Woods appeal from a judgment of the Supreme Court, Rockland County (Lefkowitz, J.), dated September 14, 1992, which granted the application.

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly granted the petitioner's application to stay arbitration of the defendant's underinsured motorist claim. Underinsured motorist insurance coverage is available only when the bodily injury limits of liability of the insurance policy covering the motor vehicle liable for the damages are less than the bodily injury limits of liability of the insured's policy *(see,* Insurance Law § 3420 [f] [2]; *Maurizzio v Lumbermens Mut. Cas. Co.,* 73 NY2d 951; *Matter of State Farm Mut. Auto. Ins. Co. v Roth,* 206 AD2d 376; *Matter of Federal Ins. Co. v Reingold,* 181 AD2d 769). Here, the bodily injury limits of liability of the appellants' policy are the same as the bodily injury limits of liability of the tortfeasor's policy. Therefore, the tortfeasor's vehicle was not underinsured *(see, Matter of State Farm Mut. Auto. Ins. Co. v Roth, supra).*

There is no merit to the appellants' contention that a modification of the insurance policy rendered it ambiguous and misleading. Balletta, J. P.; O'Brien, Copertino and Pizzuto, JJ., concur.