■ In the Matter of LIBERTY MUTUAL INSURANCE COMPANY, Respondent, v CLARA D'ANTONIO, Appellant. [697 NYS2d 532] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an underinsured motorist claim, the appeal is from an order and judgment (one paper) of the Supreme

Court, Suffolk County (Underwood, J.), dated July 15, 1998, which granted the petition and permanently stayed arbitration.

Ordered that the order and judgment is affirmed, with costs.

The Supreme Court properly granted the application of the petitioner, Liberty Mutual Insurance Company (hereinafter Liberty), to stay arbitration. Underinsured motorist benefits are available when the bodily injury liability limits of the offending vehicle's insurance policy are less than the bodily injury liability limits of the insured's policy (*see,* Insurance Law § 3420 [f] [2]; *Maurizzio v Lumbermens Mut. Cas. Co.,* 73 NY2d 951; *Matter of Federal Ins. Co. v Reingold,* 181 AD2d 769). Here the bodily injury liability limits of $100,000 per person and $300,000 per accident in the policy issued to the appellant's husband by Liberty were equal to the bodily injury liability limits of the offending vehicle's policy. Thus, the underinsured motorist endorsement of the Liberty policy is not triggered.

The appellant's claim that the liability provisions of the Liberty policy are ambiguous is without merit. Altman, J. P., H. Miller, Schmidt and Smith, JJ., concur.