Matter of Berkley Ins. Co. v Schnall (2024 NY Slip Op 04596)

Matter of Berkley Ins. Co. v Schnall

2024 NY Slip Op 04596

Decided on September 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2024

Before: Webber, J.P., Kern, Oing, González, Rosado, JJ. 

Index No. 654949/22 Appeal No. 2624 Case No. 2023-04219 

[*1]In the Matter of Berkley Insurance Company., Petitioner-Respondent,
v
Sherri Schnall, Respondent-Appellant.

Kerner & Kerner, New York (Richard A. Kerner of counsel), for appellant.
Goldberg Segalla, Buffalo (Paul D. McCormick of counsel), for respondent.

Order, Supreme Court, New York County (Lori S. Sattler, J.), entered on or about June 26, 2023, which, insofar as appealed from, granted Berkley Insurance Company's petition brought pursuant to CPLR article 75 to stay a SUM arbitration to the extent of staying the matter pending the outcome of a limited issue hearing, unanimously affirmed, without costs.
Contrary to petitioner's contention, the order, having been brought on by notice, is appealable (CPLR 5701[a][2]).
The court properly compared the insured's per person coverage with the per incident coverage in the tortfeasor's bodily injury policy (Matter of Prudential Prop. & Cas. Co. v Szeli , 83 NY2d 681, 687-688 [1994]). Moreover, because it was not clear from the face of the policies whether the tortfeasor's $300,000 per incident policy, which also covered property damage, exceeded the insured's $250,000 per person coverage, the court properly ordered a limited issue hearing (id . at 688).
Finally, the court properly declined to consider the insured's excess insurance in comparing coverage for purposes of determining the trigger for SUM coverage (Matter of State Farm Mut. Auto. Ins. Co. v Roth , 206 AD2d 376, 376 [2d Dept 1994], lv denied 84 NY2d 812 [1995]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2024