■ In the Matter of the Arbitration between FRANCES MILICI, Respondent, and ALLSTATE INSURANCE COMPANY, Appellant.—In a proceeding pursuant to CPLR article 75 to confirm an arbitrator's award dated June 28, 1977, Allstate Insurance Company appeals from a judgment of the Supreme Court, Suffolk County, dated June 5, 1978, which confirmed that award and denied its cross petition to confirm a subsequently issued amended arbitrator's award, dated October 28, 1977. Judgment modified, on the law, by adding thereto a provision modifying the arbitrator's award of June 28, 1977 to reflect the change sought to be effected by the purported amended award of October 28, 1977. As so modified, judgment affirmed, without costs or disbursements. While it is true, as Special Term observed, that an arbitrator is not bound by the substantive law, where the applicable substantive law as well as a contractual agreement establish the limits within which the arbitrator may function, absent a specific intention not to be bound thereby, awards in excess of such limitations are considered to be beyond the arbitrator's powers (*Matter of Granite Worsted Mills [Aaronson Cowen, Ltd.]*, 25 NY2d 451). At bar, the arbitrator's authority was established by the no-fault provisions of the Insurance Law, as well as the contractual provisions effectuating their intent found in the automobile liability policy issued by the appellant to the petitioner. It is required that any award made pursuant thereto for loss of wages be reduced by the amount of money, if any, paid to the insured as a Social Security disability benefit (see Insurance Law, § 671). Not only is there no indication that the arbitrator herein deliberately intended not to permit the appellant this setoff, but the amended award and a letter from the arbitrator to all parties states specifically that he inadvertently omitted such setoff from his award. It appears that the original award is defective in that the failure to provide for the Social Security setoff constituted an award beyond the scope of the arbitrator's authority, a ground upon which an arbitrator's award may be vacated (see CPLR 7511, subd [b], par 1, cl [iii]). We also note that the original memorandum written by the arbitrator stated simply that the petitioner is entitled to the no-fault benefits she is seeking. In the award, there was no deduction for Social Security benefits from such payments as required by section 671 of the Insurance Law. This, under the circumstances presented, also constitutes an error in calculation, within the meaning of CPLR 7511 (subd [c], par 1), which would permit modification of the original award to accord proper relief to the parties. Suozzi, J. P., Lazer, Gulotta, Shapiro and Cohalan, JJ., concur.