■ In the Matter of the Arbitration between HANOVER INSURANCE COMPANY, Appellant, and JOSEPH SQUARZINI et al., Respondents. — Judgment entered October 29, 1982, Supreme Court, New York County (Peggy Bernheim, J.), denying appellant's petition to stay arbitration, unanimously reversed, on the law, without costs, and the petition for a stay is granted. Respondent Anna Squarzini, as a pedestrian, was struck and injured by an automobile insured by Allstate for only $50,000, while damages are evaluated by respondents at over a million dollars, including in excess of $127,000 in medical bills. After accepting Allstate's settlement offer for the full amount of the automobile policy, respondents turned to their own insurer, appellant, for the difference, pursuant to a $100,000 "under-insured" indorsement purchased previous to the accident. When Hanover offered only $50,000 in settlement, on the theory that respondents were only entitled to recover the amount of the policy less the Allstate payment, the Squarzinis demanded arbitration. Appellant's petition for a stay was brought less than 20 days later (CPLR 7503, subds [b], [c]). Although the respondents' policy includes an arbitration clause, Hanover asserted that a stay should be granted either because the demand was premature, or alternatively, because the arbitration clause limited the issues arbitrable to only the issues of entitlement to recover (liability) and the amount of damages. In support of the first ground Hanover argued that it was a condition precedent to arbitration that respondents actually receive the $50,000 settlement from Allstate. Special Term did not bother to address this specious argument, nor do we. The demand for arbitration was not premature. Appellant's second point, however, has merit. As with a standard uninsured motorist indorsement, arbitration may only be had with respect to an issue of the insurer's liability, or the amount of damages sustained, both of which appellant concedes. (Compare *Matter of Napolitano [MVAIC]*, 21 NY2d 281 [per Scileppi, J.].) Questions of law are for the courts to decide, and whether the two policies may be "stacked" is just a question of law. (*Matter of Napolitano, supra,* at pp 284-285; 8C Appleman, Insurance Law and Practice, § 5071.45, p 106.) Concur — Ross, J. P., Carro, Silverman, Bloom and Milonas, JJ.