OPINION OF THE COURT
Joseph D. Mintz, J.
Defendant moved to dismiss plaintiff’s complaint for failure to state a cause of action. Defendant has not yet answered and defendant’s time to answer hasn’t expired. For the purposes of this motion, the facts alleged are deemed admitted and are as follows: At all times relevant herein, plaintiff’s automobile was insured by a policy issued by defendant in New York State. Plaintiff suffered serious personal injuries in an automobile accident while driving his own automobile. Said accident occurred solely as the result of a third-party’s negligence, which third-party’s liability coverage was insufficient to fully pay plaintiff’s claim.
By this litigation, plaintiff seeks a ruling that the $25,000 underinsured motorist coverage included in his afore-mentioned insurance policy is payable to him in full without deduction or offset. Plaintiff’s claim is based on (a) said policy’s coverage review form which was supplied to plaintiff by defendant, presumably prior to the policy being issued or at least delivered. Said review form clearly stated *92 that the coverage is in addition to money collected from a third-party’s liability coverage; (b) said policy’s ambiguity; and (c) the requirements of subdivision 2-a of section 167 of the Insurance Law. Defendant argues that said policy clearly provided for the deduction from its $25,000 under-insured motorist coverage of amounts plaintiff received from the third-party’s insurer. This court finds for the plaintiff for the reasons stated below.
A. THE REQUIREMENTS OF SUBDIVISION 2-A OF SECTION 167 OF THE INSURANCE LAW
To the extent that the policy at issue does not conform to the requirements of subdivision 2-a of section 167, said policy is void. The policy must comply, as must every other automobile liability insurance policy issued in New York State, with New York law in general, and subdivision 2-a of section 167 in particular.
Subdivision 2-a of section 167 requires all automobile liability policies to provide, at the option of the insured, “supplementary uninsured motorist” insurance which will cover the insured if the liability limits of another motor vehicle (which is liable for damages) are less than the liability limits of the insured’s own motor vehicle. Defendant termed this type of coverage “underinsured motorists” insurance, as distinguished from “uninsured motorists” insurance, and offered both to plaintiff.
The policy and statute diverge only where the policy reduces amounts payable under such underinsured motorists insurance by amounts received from the underinsured’s insurer. By such reduction, the policy takes away the coverage that the statute required. This taking away of coverage occurs because the dollar amounts of such coverage, which are stated on the face of the policy, are rendered meaningless by said reduction.
Subdivision 4 of section 311 of the Vehicle and Traffic Law requires $10,000 minimum liability coverage. Under the policy, “underinsured motor vehicle” excludes those vehicles with liability coverage “less than the minimum limit * * * specified by the financial responsibility law of the State of New York.” Thus, an underinsured motorist, as defined by the policy, would necessarily carry at least *93 $10,000 liability coverage. Because defendant would effectuate said policy’s reduction clause, $25,000 underinsured motorist insurance would never pay out more than $15,000, and in the instant case, would pay out nothing at all.
No notice of this is given to the insured, however. No deductible appears on the face of said policy with respect to such coverage. (On the other hand, the collision deductible is clearly stated on the face of said policy, next to the dollar amount of collision coverage.) In light of the statutory requirement to offer this sort of supplementary coverage, said policy’s reduction clause must therefore be rendered void.
B. THE POLICY IS AMBIGUOUS
Furthermore, this court finds that said policy is ambiguous because of the afore-mentioned dollar discrepancy in underinsured motorist coverage caused by the reduction clause. In order to clarify the policy and render it internally consistent, said reduction clause must be excluded from the policy or the dollar amounts must be changed to reflect the reality of the insurance company’s intention. A construction favoring the insurer is sustained only “where it is the sole construction which can fairly be placed upon the words employed”. (Cantanucci v Reliance Ins. Co., 43 AD2d 622, 623.) New York law is clear that ambiguities are to be resolved by the courts in favor of the insured and to the detriment of the insurer, particularly where the ambiguity is in an exclusionary clause, and the burden of proving a lack of coverage is on the insurer. (Ruder & Finn v Seaboard Sur. Co., 52 NY2d 663; Allstate Ins. Co. v Klock Oil Co., 73 AD2d 486; Little v Blue Cross of Western N. Y., 72 AD2d 200; Hollander v Nationwide Mut. Ins. Co., 60 AD2d 380; Kronfeld v Fidelity & Cas. Co., 53 AD2d 190.) Defendant, here, did not meet such burden.
This court need not determine the legal effect of said policy’s coverage review form.