■ In the Matter of PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY, Respondent-Appellant, v HARRY CARLETON, Appellant-Respondent.—In a proceeding pursuant to CPLR article 75, *inter alia,* to confirm an arbitration award, (1) Harry Carleton appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Palella, J.), entered November 24, 1986, as granted the petition insofar as it sought confirmation of the arbitrator's award and denied his motion to vacate or modify the arbitrator's award, and (2) the petitioner cross-appeals from so much of the same order as denied the petition insofar as it sought a stay of entry of judgment based upon the arbitrator's award.

Ordered that the order is modified by deleting the provisions thereof which denied Carleton's motion to vacate or modify the arbitrator's award in its entirety and granted the petition insofar as it sought confirmation of so much of the arbitrator's award as provided for offsets of the entire amount paid by the other driver's insurer and the entire amount of workers' compensation benefits payable to Carleton, and substituting therefor a provision granting Carleton's motion to vacate or modify the arbitrator's award to the extent of providing that the amount of damages determined by the arbitrator shall be offset by (1) $18,653, which represents the amount recovered by Carleton from the other driver's insurer as compensation for his personal injuries, and (2) so much of the workers' compensation benefits payable to Carleton as exceeds $10,000; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the arbitrator for further proceedings in accordance herewith.

Harry Carleton was seriously injured in the course of his employment when the vehicle operated by him, and owned by his employer, was struck in the rear by a vehicle owned and operated by a third party. The third party's insurer settled for the full liability limit of its $25,000 policy, $18,653 of which was for personal injuries and $6,347 of which was for property damage. Carleton thereafter filed a claim with the petitioner under the supplementary uninsured motorist endorsement contained in the insurance policy on his private motor vehicles based upon the injuries that he had received, as well as a demand for arbitration. Following a hearing, the arbitrator awarded Carleton the sum of $90,000, which was to be offset by the $25,000 received from the third party's insurer and any workers' compensation benefits payable to him. This award

was subsequently confirmed by the Supreme Court in an order from which Carleton appeals and the petitioner cross-appeals.

As a general rule, an arbitrator's award may not be vacated unless it is found to be violative of a strong public policy, is totally irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power *(see, Matter of Town of Callicoon [Civil Serv. Employees Assn.],* 70 NY2d 907). However, where, as here, the arbitration is compulsory in nature *(see, Matter of Fernandez,* 130 AD2d 657; *Matter of Snyder v Nationwide Mut. Ins. Co.,* 106 AD2d 388), the arbitrator's award may be vacated upon a finding that it lacks a rational basis *(see, Mount St. Mary's Hosp. v Catherwood,* 26 NY2d 493, *rearg denied* 27 NY2d 737; *Matter of Shand [Aetna Ins. Co.],* 74 AD2d 442).

Initially, we note that the Supreme Court correctly determined that the arbitrator did not exceed the authority granted him under the arbitration clause of the insurance contract when he went beyond the determination of the amount of damages and also determined the amounts by which those damages should be offset under the terms of the contract. Unlike the cases relied upon by Carleton, the insurance contract here bestowed upon the arbitrator the authority to determine "the actual amount [the petitioner will] pay under this part" *(see, Matter of Nasca v Royal Globe Ins. Co.,* 84 AD2d 675; *Matter of Milici [Allstate Ins. Co.],* 69 AD2d 821; *cf., Matter of Kansas City Fire & Mar. Ins. Co. [Barnes],* 115 AD2d 311; *Matter of Hanover Ins. Co. [Squarzini],* 96 AD2d 471).

Furthermore, although the arbitrator's determination to offset the amount of damages sustained by the amount recovered from the third party's insurer may not have been legally correct *(see, Passaro v Metropolitan Prop. & Liab. Ins. Co.,* 128 Misc 2d 21, *affd for reasons stated* 124 AD2d 647; *Matter of United Community Ins. Co. v Mucatel,* 127 Misc 2d 1045, *affd* 119 AD2d 1017, *affd* 69 NY2d 777; *Garry v Worldwide Underwriters Ins. Co.,* 120 Misc 2d 91, *affd* 101 AD2d 717), the Supreme Court did not err in refusing to vacate that portion of the award in its entirety, as the arbitrator's determination was in accordance with the terms of the insurance policy and, therefore, had a rational basis. Additionally, Carleton failed to establish that this offset was violative of a strong public policy. However, the award was irrational to the extent that it provided for an offset for the entire $25,000. As previously indicated, the respondent only received $18,653 from the third

party's insurer as compensation for the personal injuries he sustained.

The arbitrator's award should also have been vacated to the extent that it provided for an offset with respect to the first $10,000 of workers' compensation benefits payable to Carleton. Since workers' compensation payments are made as compensation for basic economic loss and the amounts recoverable under the uninsured motorist endorsement are on account of noneconomic loss, an offset of the uninsured motorist coverage required under Insurance Law § 3420 (f) (1) by the workers' compensation benefits would constitute a subversion of the Legislature's intent to provide an injured person with the right to obtain compensation for losses other than basic economic loss, in direct contravention of the no-fault scheme *(Fox v Atlantic Mut. Ins. Co.,* 132 AD2d 17). Thus, the arbitrator's award to this effect is violative of strong public policy and cannot stand. However, Carleton's entitlement to the supplementary coverage provided for in Insurance Law § 3420 (f) (2) is solely a matter of contractual agreement *(Fox v Atlantic Mut. Ins. Co., supra,* at 25-26). Since the parties here agreed that any supplementary coverage payments would be reduced by any amounts provided under the Workers' Compensation Law, the arbitrator's determination to provide for an offset for workers' compensation benefits cannot be vacated to the extent that those benefits exceed $10,000.

Finally, since we are not confirming the arbitrator's award, the issue of whether the petitioner is entitled to a stay of entry of judgment on that award is academic. Brown, J. P., Kunzeman, Rubin and Kooper, JJ., concur.