■ In the Matter of Louis J. Valente, Appellant, v Prudential Property and Casualty Insurance Company, Respondent.—In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, the petitioner appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Richmond County (Cusick, J.), dated April 21, 1988, as denied his petition to confirm the award, and granted the cross petition to the extent of reducing the award to the sum of $10,000.

Ordered that the order and judgment is affirmed, with costs.

The Supreme Court did not err in providing for an offset for workers' compensation payments against the arbitration award made under the supplementary uninsured coverage of the policy. The petitioner's entitlement to the supplementary coverage was solely a matter of contractual agreement between the policyholder and the insurer, and the policy herein provides for such an offset (see, Matter of Prudential Prop. & Cas. Ins. Co. v Carleton, 145 AD2d 492; Fox v Atlantic Mut. Ins. Co., 132 AD2d 17). The court correctly determined that the offset could not be permitted to reduce the award for the petitioner's pain and suffering below $10,000, which is the amount guaranteed for noneconomic loss under the mandatory uninsured motorist endorsement (see, Insurance Law § 3420 [f] [1]; Matter of Prudential Prop. & Cas. Ins. Co. v Carleton, supra; Fox v Atlantic Mut. Ins. Co., supra). Thompson, J. P., Brown, Eiber and Balletta, JJ., concur.