■ In the Matter of ELDA BRENTNALL, Respondent, v NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant. [598 NYS2d 315] —In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, the appeal is from an order of the Supreme Court, Westchester County (Nastasi, J.), entered April 22, 1991, which, *inter alia,* granted the petitioner's motion to confirm a $10,000 award in her favor pursuant to an underinsured motorist policy endorsement.

Ordered that the order is affirmed, with costs.

While CPLR 7511 (a) states that an application to vacate or modify an award shall be made by a party within 90 days after its delivery to him, the party may wait and make his arguments for vacating or modifying the award in opposition to a motion to confirm the award *(see, State Farm Mut. Auto. Ins. Co. v Fireman's Fund Ins. Co.,* 121 AD2d 529; *see also, Karlan Constr. Co. v Burdick Assocs. Owners Corp.,* 166 AD2d 416; *Vilceus v North Riv. Ins. Co.,* 150 AD2d 769). However, we find that the Supreme Court properly rejected the claim of Nationwide Mutual Insurance Company (hereinafter Nationwide) that the award lacked a rational basis. The medical report submitted by the petitioner in support of her claim, which included objective findings by her treating physician with respect to the permanency of the injuries she had sustained as a result of the accident, which occurred nearly two years before the submitted prognosis, provided an adequate basis for the arbitrator to find that petitioner had sustained "serious injury" as defined by Insurance Law § 5102 (d) *(see, Matter of Commercial Union Ins. Co. v Ewall,* 168 AD2d 247, 249; *cf., Matter of Fernandez [Universal Underwriters Ins. Co.],* 130 AD2d 657, 658).

We have examined Nationwide's contentions with respect to the applicability and validity of the policy set-off clause contained in the underinsurance endorsement and find them to be without merit *(see, Matter of Federal Ins. Co. v Reingold,* 181 AD2d 769; *Passaro v Metropolitan Prop. & Liab. Ins. Co.,* 128 Misc 2d 21, *affd* 124 AD2d 647; *Matter of United Community Ins. Co. v Mucatel,* 127 Misc 2d 1045, *affd* 119 AD2d 1017, *affd* 69 NY2d 777; *Garry v Worldwide Underwriters Ins. Co.,* 120 Misc 2d 91, *affd* 101 AD2d 717). Lawrence, J. P., O'Brien, Copertino and Santucci, JJ., concur.