■ In the Matter of ZURICH INSURANCE COMPANY, Appellant, v TED H. WILBURN, Respondent. [623 NYS2d 6] —In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, Zurich Insurance Company appeals from a judgment of the Supreme Court, Nassau County (Segal, J.), entered March 26, 1993, which is in favor of the respondent and against it in the principal sum of $1,000,000.

Ordered that the judgment is modified by decreasing the principal sum awarded to the respondent from $1,000,000 to $990,000; as so modified the judgment is affirmed, without costs or disbursements.

On December 1, 1987, the respondent was operating a vehicle owned by his employer which collided with a vehicle owned by Glynis Moraza and operated by Joseph Christopher. The respondent commenced an action against Moraza and Christopher, which he settled for $10,000, the limit of their insurance policy with Aetna Casualty and Surety Company. The respondent's vehicle was insured by the appellant, Zurich Insurance Company (hereinafter Zurich), which had issued a business automobile liability policy to the respondent's employer in New Jersey. The declarations sheet indicates that the policy provided uninsured and underinsured motorists coverage and bodily injury coverage of $1,000,000. The respondent filed a demand for arbitration against Zurich for underinsured motorist benefits. The parties proceeded to arbitration, and the arbitrator awarded the respondent $1,000,000. The respondent then moved to confirm the arbitration award, and Zurich cross-moved to vacate or modify the award. Zurich argued, *inter alia,* that the arbitrator had exceeded his authority by awarding the respondent $1,000,000, which is in excess of the policy's limit, and that it is entitled to an offset of $10,000, the amount the respondent recovered from the tortfeasors. The Supreme Court confirmed the award, and this appeal ensued.

Zurich's contention that the arbitrator exceeded his authority by awarding the respondent more than the policy's limit is without merit. The policy in question is ambiguous regarding the limitations of its coverage; therefore, we find no basis to disturb the award on that ground. However, the policy ex-

pressly provides for the offset of "[a]ll sums paid by or for anyone who is legally responsible" for the accident. Since the policy contains a single combined limit of uninsured and underinsured motorists coverage, Zurich is entitled to an offset for the $10,000 that respondent recovered from the tortfeasors *(see, Matter of Allstate Ins. Co. [Stolarz—N. J. Mfrs. Ins. Co.], 81 NY2d 219; see also, Matter of Valente v Prudential Prop. & Cas. Ins. Co., 77 NY2d 894; Matter of Lyons v National Union Fire Ins. Co., 208 AD2d 540)*.

We have reviewed Zurich's remaining contentions and find them to be without merit. Lawrence, J. P., Ritter, Friedmann and Krausman, JJ., concur.