■ JOHN BAUSO, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant. [643 NYS2d 190] —In an action, inter alia, to enforce a contractual right to a trial de novo on an underinsured motorist claim, the defendant appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Orange County (Rosato, J.), dated January 5, 1995, which, inter alia, denied its motion to dismiss the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendant's motion to dismiss the complaint is granted, and the arbitration award is confirmed in the amount of $10,000.

The plaintiff was involved in a car accident with another ve-

hicle. With the consent of his insurer, Allstate Insurance Company (hereinafter Allstate), the plaintiff settled his claim against the insurer of the other vehicle for $50,000. The plaintiff thereafter sought underinsured motorist coverage from Allstate. When the parties could not agree as to the amount of underinsured motorist compensation, the plaintiff's claim was arbitrated pursuant to the terms of the policy. The arbitration resulted in an award to the plaintiff in the amount of $60,000. The award expressly noted that it was without consideration of any "offsets or other payments". Pursuant to the terms of the Allstate policy, each party has the right to a trial *de novo* of all issues if, *inter alia,* the arbitration award exceeded the "Financial Responsibility Limits of New York" (i.e., $10,000) (*see,* Insurance Law § 3420 [f]; Vehicle and Traffic Law § 311). The plaintiff commenced this action, *inter alia,* to enforce this provision of the policy. Allstate moved to dismiss the complaint, asserting, *inter alia,* that the arbitration award was insufficient to trigger the policy's trial *de novo* provision. The plaintiff cross-moved, *inter alia,* to confirm the award.

Pursuant to the relevant policy endorsement, Allstate's obligation to pay uninsured/underinsured motorist benefits is limited to the coverage provided offset by payments from "all liability protection in effect and applicable at the time of the accident". Thus, the amount of the plaintiff's damages and the amount of compensation he has received must be determined before Allstate's liability under the uninsured/underinsured motorist endorsement can be calculated. Here, the arbitration panel determined the plaintiff's damages to be $60,000. The plaintiff contends that this determination is supported by substantial evidence and should be confirmed. However, it is not disputed that the plaintiff has already received compensation in the amount of $50,000 from the alleged tortfeasor. Accordingly, Allstate's obligation under the policy for the plaintiff's underinsured motorist claim is $10,000 (*see, Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.],* 81 NY2d 219; *Matter of Zurich Ins. Co. v Wilburn,* 212 AD2d 620; 12A Couch, Insurance § 45:620-28 [2d ed]; *cf.,* 11 NYCRR 60-2.1).

Contrary to the plaintiff's contention, Allstate did not waive its right to the $50,000 offset by failing to seek a stay of the arbitration (*see, Matter of Zurich Ins. Co. v Wilburn, supra; Matter of Brentnall v Nationwide Mut. Ins. Co.,* 194 AD2d 537; *Matter of Valente v Prudential Prop. & Cas. Ins. Co.,* 157 AD2d 732). Further, because the provision at issue is a combination uninsured/underinsured motorist endorsement, the offset is

enforceable (see, Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.], supra; cf., 11 NYCRR 60-2.1). Accordingly, the arbitration award is confirmed in the amount of $10,000. Because this sum is insufficient to trigger the policy's trial de novo provision, the defendant's motion to dismiss the complaint should have been granted. Mangano, P. J., Miller, Ritter and Pizzuto, JJ., concur.