◼ In the Matter of GJOK DECKAJ, Appellant, v STATE FARM MUTUAL INSURANCE COMPANY, Respondent. [646 NYS2d 173] —In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, dated October 20, 1994, in the amount of $25,000, the petitioner appeals, as limited by his brief, from so much of an order of the Supreme Court, Orange County (Owen, J.), dated July 11, 1995, as, upon reargument, adhered to the original determination in an order dated May 2, 1995, denying his motion to confirm the arbitration award and remitting the matter to the arbitrator for a new determination.

Ordered that the order is affirmed insofar as appealed from, with costs.

On November 17, 1990, the petitioner was operating a vehicle owned by Laide Deckaj which collided with a vehicle owned by Vivian Curtis and operated by Joseph Wells (hereinafter the Curtis vehicle). At the time of the accident, the petitioner was insured by the respondent State Farm Mutual Insurance Company (hereinafter State Farm) under a policy providing

bodily injury limits of $100,000 per person and $300,000 per accident, and containing uninsured/underinsured motorists coverage. After receiving $10,000 from Allstate Insurance Company (hereinafter Allstate), the insurer of the Curtis vehicle, which sum represented the limit of the Curtis vehicle's insurance, the petitioner demanded arbitration for underinsured motorist benefits from State Farm. State Farm made no application for a stay of arbitration pursuant to CPLR 7503 (c).

The arbitrator awarded the petitioner the sum of $25,000.

Thereafter, the petitioner moved to confirm the arbitration award. State Farm cross-moved to modify the arbitrator's award, pursuant to CPLR 7511 (c), by reducing the award by $10,000, the sum received by the petitioner from Allstate, in accordance with the offset provision in State Farm's underinsurance endorsement.

The Supreme Court (1) denied both the petitioner's motion to confirm the award and State Farm's cross motion to modify the award, (2) vacated the award on the ground that the award was " 'so imperfectly executed * * * that a final and definite award upon the subject matter was not made' (CPLR 7511 [b] [1] [iii])", and (3) remitted the matter to the arbitrator for a new determination.

Only the petitioner appeals from the Supreme Court's order.

Contrary to the petitioner's argument on appeal, State Farm did not waive its right to the $10,000 offset by failing to seek a stay of arbitration (see, Bauso v Allstate Ins. Co., 227 AD2d 578; Matter of Zurich Ins. Co. v Wilburn, 212 AD2d 620; Matter of Brentnall v Nationwide Mut. Ins. Co., 194 AD2d 537). As the Supreme Court properly noted, the only issues before the arbitrator, pursuant to the pertinent endorsement provision and the petitioner's demand for arbitration, were those of fault for the accident and the amount of damages caused by the tortfeasor. Consequently, State Farm had "neither the right nor the obligation to seek a stay" of arbitration on the ground of offset (see, Matter of Kansas City Fire & Mar. Ins. Co., 115 AD2d 311).

The Supreme Court further noted, and properly so, that (1) the validity and applicability of the instant offset provision is "an issue for judicial determination" (see, Nationwide Mut. Ins. Co. v Callahan, 174 AD2d 1001; Matter of Kansas City Fire & Mar. Ins. Co., supra), and (2) it was "impossible to discern from the face of the arbitration award whether or not the arbitrator intended to apply the offset provision". Accordingly, the Supreme Court properly vacated the award and remitted the matter to the arbitrator for a new determination on the

ground that it was "imperfectly executed" (CPLR 7511 [b] [1] [iii]).

As heretofore noted, State Farm has not appealed from so much of the order as denied its cross motion to modify the arbitration award, pursuant to CPLR 7511 (c), by reducing the award for the $10,000 received by the petitioner from Allstate. We note that the issue of offset does not come squarely within the language of CPLR 7511 (c) which deals with the modification of arbitration awards. However, this Court has, on other occasions, effectively modified arbitration awards on the ground of valid offset provisions (see, Bauso v Allstate Ins. Co., 227 AD2d 578, supra; Matter of Zurich Ins. Co. v Wilburn, supra). Accordingly, it is respectfully suggested that the Legislature take appropriate action to amend CPLR 7511 (c) to specifically provide for the modification of arbitration awards based on valid offset provisions. Mangano, P. J., Miller, Sullivan and Florio, JJ., concur.