■ In the Matter of LISA ARNOLD, Respondent, v NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant. [657 NYS2d 362] —In a proceeding pursuant to CPLR 7511 to modify an arbitration award, Nationwide Mutual Insurance Company appeals from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered October 18, 1995, as granted the petition to modify the arbitration award and, in effect, denied the branch of its motion which was to vacate the arbitration award.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the appellant's motion which is to vacate the arbitration award is granted, the petition is denied, and the proceeding is dismissed.

The offset provision contained in the subject insurance policy is valid and enforceable because the policy contains a single,

combined limit of uninsurance/underinsurance covered by one premium and a combined endorsement for uninsurance and underinsurance (*see, Matter of Nationwide Ins. Co. v Ohrablo,* 236 AD2d 541; *see also, Matter of Allstate Ins. Co. [Stolarz— N. J. Mfrs. Ins. Co.],* 81 NY2d 219; *Matter of Nationwide Ins. Co. [Winn],* 215 AD2d 958). Accordingly, the court should have granted that branch of the motion of Nationwide Mutual Insurance Company which was to vacate the arbitrator's award of underinsurance benefits to the petitioner since the $50,000 limit of underinsurance benefits contained in her policy was completely offset by the $50,000 she received in settlement from the insurance company of the negligent tortfeasor (*see, Matter of Milici [Allstate Ins. Co.],* 69 AD2d 821; CPLR 7511 [b] [1] [iii]).

The remainder of the parties' assertions either lack merit (*see, Matter of Macy & Co. [National Sleep Prods.],* 39 NY2d 268; *Matter of Prudential Prop. & Cas. Ins. Co. v Carleton,* 145 AD2d 492) or are academic in light of the above determination. Rosenblatt, J. P., O'Brien, Ritter and Copertino, JJ., concur.