■ In the Matter of ESTELLE SELIMIS, Appellant, v GENERAL ACCIDENT INSURANCE, Respondent. [695 NYS2d 118] —In a proceeding pursuant to CPLR article 75 to modify an arbitration award, the petitioner appeals from a judgment of the Supreme Court, Queens County (Kassoff, J.), dated June 11, 1998, which denied the petition and granted the respondent's cross petition to confirm the award.

Ordered that the judgment is affirmed, with costs.

We agree with the petitioner that the Supreme Court should have applied the heightened standard of review applicable to compulsory arbitrations in deciding this proceeding (*see, Matter of MVAIC v Aetna Cas. & Sur. Co.,* 89 NY2d 214; *Caso v Coffey,* 41 NY2d 153; *Matter of Prudential Prop. & Cas. Ins. Co. v Carleton,* 145 AD2d 492). However, upon conducting such a review, we discern no basis for disturbing the arbitrator's award. The offset which the arbitrator imposed against the petitioner's underinsured motorist benefits was authorized by the subject insurance policy (*see, Matter of Prudential Prop. & Cas. Ins. Co. v Carleton, supra*). Moreover, the inclusion on the declarations sheet of language which alerted the petitioner to the existence of the offset and directed her to the specific endorsement where it could be found served to ameliorate any concerns that the stated limit of underinsured motorist coverage was misleading, ambiguous, or deceptive (*see generally, Matter of Allstate Ins. Co. [Stolarz-N.J. Mfrs. Ins. Co.],* 81 NY2d

219; *Matter of United Community Ins. Co. v Mucatel,* 127 Misc 2d 1045, *affd* 119 AD2d 1017, *affd* 69 NY2d 777). Indeed, this language was similar to that subsequently required by Insurance Department regulations to address such concerns (*see,* 11 NYCRR 60-2.3 [a] [2]). Accordingly, the arbitrator's award was rational and was not arbitrary and capricious. O'Brien, J. P., Sullivan, Joy and Smith, JJ., concur.