OPINION OF THE COURT
Herbert Kramer, J.
Is the award made to an infant in an uninsured motorist arbitration subject to vacatur on the ground that the award was inconsistent with the arbitrator’s findings and deviated materially from what could be considered reasonable compensation? In answering this question in the affirmative, this court was called upon to resolve the conundrum presented by the conflict between the inherent judicial obligation to safeguard an infant’s welfare and the strong policy disfavoring judicial review of arbitration proceedings.
In 1996, the infant respondents were injured in an automobile accident with an unknown motorist. Uninsured motorist arbitration was conducted in 2007 pursuant to the demand of their father and natural guardian. The arbitrator awarded Nadine Dandan $7,500 for what he found to be
“a severe laceration of her right forehead requiring suturing and resulting in a noticeable deforming scar to the aforesaid area, which is permanent and unable to be corrected by plastic surgery . . . [and that] immediately following this occurrence Claimant underwent behavioral changes that included mood swings and tantrums which lasted through 1997.”
No award was made to Amir Dandan as the arbitrator found that he did not sustain a serious physical injury in that the evidence he produced did not relate the alleged faint scarring above his right eyebrow or his alleged speech delays to the accident in question. An infant’s compromise order was improperly submitted and a hearing was held on June 29, 2007. This court refused to sign the order.
Respondents now move to modify this award arguing in pertinent part that the awards do not accurately reflect the value of the injuries. Petitioner argues that the limited provisions for modification of awards recited in CPLR 7511 (c)* do not allow for a modification of the award under these circumstances.
*453 “As a general rule, an arbitrator’s award may not be vacated unless it is found to be violative of a strong public policy, is totally irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator’s power. However, where, as here, [that is in an uninsured motorist arbitration] the arbitration is compulsory in nature, the arbitrator’s award may be vacated upon a finding that it lacks a rational basis.” (Matter of Prudential Prop. & Cas. Ins. Co. v Carleton, 145 AD2d 492, 493 [2d Dept 1988] [citations omitted].)
“ ‘In cases of compulsory arbitration, this court has held that CPLR article 75 “includes review ... of whether the award is supported by evidence or other basis in reason.” This standard has been interpreted to import into article 75 review of compulsory arbitrations the arbitrary and capricious standard of article 78 review.’ ” (Matter of Luckie [State Farm Ins. Co.], 87 AD2d 650, 651 [2d Dept 1982] [citation omitted]; see also Matter of Selimis v General Acc. Ins., 264 AD2d 738 [2d Dept 1999].)
There are several factors that make the award granted to the infant Nadine susceptible to vacatur. There is a strong public policy which provides for court oversight of proceedings involving an infant in furtherance of the obligations undertaken by the State as parens patriae protecting infant wards from birth to maturity and making their welfare paramount. (People ex rel. Fields v Kaufmann, 9 AD2d 375 [1st Dept 1959].) The damages awarded to the infant Nadine are inadequate and this court has an obligation to step in and see to it that she is protected. Second, there is a very significant inconsistency between the findings of the arbitrator that the infant Nadine sustained a very severe injury and the insubstantial award made to this infant. The determination is thereby rendered internally inconsistent and irrational. Third, even a perfunctory review of the cases shows that awards for facial lacerations range from $40,000 (Seidner v Unger, 245 AD2d 362 [2d Dept 1997]) to *454 $150,000 (Shurgan v Tedesco, 179 AD2d 805 [2d Dept 1992]). This court was unable to find a reported decision affirming an award for a facial scar comparable to the award granted here. Had this matter been settled, this court would have had to approve of the settlement. (CPLR 1207, 1208.) It would have found this settlement to be woefully inadequate and would have sent the parties back to renegotiate the damages award. Compulsory arbitration should not place an infant in a far worse position than her settling peers.
However, this court does not find the same infirmities with the decision made by the arbitrator in regard to Amir Dandan. There is nothing in the arbitrator’s findings that would make the award to Amir either irrational or internally inconsistent or unfair. In the absence of these factors, this court “ ‘cannot examine the merits of an arbitration award and substitute its judgment for that of the arbitrator simply because it believes its interpretation would be the better one.’ ” (Matter of Campbell v New York City Tr. Auth., 32 AD3d 350, 351 [1st Dept 2006].)
Accordingly, respondent Nadine Dandan’s application to vacate the arbitrator’s award is granted to the extent that the amount awarded by the arbitrator is vacated and the matter is remitted to the arbitrator with a direction to examine the awards made by the courts under similar circumstances and make an award consistent with them and with the circumstances as he found them to be and as so modified is affirmed without costs. Respondent Amir Dandan’s application is denied.

 CPLR 7511 (c):
“Grounds for modifying. The court shall modify the award if: *453 “1, there was a miscalculation of figures or a mistake in the description of any person, thing or property referred to in the award; or “2. the arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or
“3. the award is imperfect in a matter of form, not affecting the merits of the controversy.”