77 N.Y.2d 894 (1991)
In the Matter of Louis J. Valente, Appellant,
v.
Prudential Property and Casualty Insurance Company, Respondent.
Court of Appeals of the State of New York.
Argued February 5, 1991.
Decided March 27, 1991.
Joseph D. Manno for appellant.
Jonathan A. Dachs for respondent.
Chief Judge WACHTLER and Judges SIMONS, KAYE, ALEXANDER, TITONE, HANCOCK, JR., and BELLACOSA concur.
*895 MEMORANDUM.
The order of the Appellate Division should be affirmed, with costs.
The courts below properly held that the petitioner's recovery for pain and suffering under the supplemental uninsured motorist endorsement should be reduced by the amount of the workers' compensation award.
The contract between the parties contains a standard clause which expressly provides for such an "offset," and the contract has been approved by the Commissioner of Insurance. Unlike the minimum coverage mandated by law (Insurance Law *896 § 3420 [f] [1]), supplemental coverage is optional and nothing in the statute governing this type of coverage (Insurance Law § 3420 [f] [2]) prohibits the parties from agreeing to reduce the supplemental recovery by amounts received pursuant to the workers' compensation laws (see, Fox v Atlantic Mut. Ins. Co., 132 AD2d 17). Under these circumstances there is no basis for holding the contractual offset unenforceable with respect to the supplemental coverage although, as petitioner notes, it produces the anomalous result of permitting the insurer to avoid all payment of supplemental benefits for petitioner's noneconomic loss, which was not covered by the workers' compensation award, simply because the amount of that award equals or exceeds the amount sought here for pain and suffering (cf., Matter of Napolitano [MVAIC], 21 N.Y.2d 281).
Petitioner's argument, that such offsets should only be permitted when the insured would otherwise obtain a duplicate award, must be addressed to the Legislature, which alone has the power to proscribe contractual terms in that manner. In the absence of such a statutory restriction, the court is bound to enforce the contract as written
Order affirmed, with costs, in a memorandum.