■ In the Matter of GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA, Respondent, v DEBORAH A. BAILEY, Appellant.—Order unanimously affirmed without costs. Memorandum: Respondent Bailey, the insured, contends that Supreme

Court erred in staying arbitration of her claim that she is entitled to recover the full amount of coverage under the underinsured motorist endorsement of her policy without any offset for monies paid by her insurer (General Accident) under the liability provisions of the policy. Petitioner General Accident argues that, since it has paid $50,000 to Bailey under Part A (the liability coverage of that policy), then, in accordance with the provisions of the underinsured motorist endorsement, it is entitled to set off that sum against the limits of liability for the underinsured motorist coverage ($50,000), resulting in no additional coverage being available under the underinsured motorist endorsement.

The policy includes a provision that expressly provides for an offset for sums paid under the liability provisions of the policy. There is nothing in the statute governing this type of coverage (Insurance Law § 3420 [f] [2]) that prohibits the parties from agreeing to reduce the supplemental recovery by amounts received under the liability provisions of the policy. Moreover, unlike *Matter of United Community Ins. Co. v Mucatel* (127 Misc 2d 1045, *affd* 119 AD2d 1017, *affd* 69 NY2d 777) relied upon by Bailey, there is no ambiguity or discrepancy between two specific terms within the underinsured motorist endorsement, one of which provided for an offset that, as a practical matter, limited the available maximum recovery by $10,000 in every case. Here, the offset took effect only if there was a payment under the liability provisions of the insured's policy. Petitioner paid respondent the maximum amount of coverage under Part A of its policy, which is likewise the maximum amount recoverable under the underinsured motorist endorsement of the policy. In the absence of any statutory restriction, this Court is bound to enforce the contract as written *(see, Matter of Valente v Prudential Prop. & Cas. Ins. Co.,* 77 NY2d 894, 896). (Appeal from Order of Supreme Court, Monroe County, Galloway, J.—Arbitration.) Present—Callahan, J. P., Green, Pine, Lawton and Davis, JJ.