■ In the Matter of NATIONAL ASSOCIATION OF INDEPENDENT INSURERS et al., Appellants, and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Intervenors-Appellants, v SALVATORE R. CURIALE, as Superintendent of Insurance of the State of New York, Respondent.—Order and judgment (one paper) of the Supreme Court, New York County (Eugene L. Nardelli, J.), entered on or about September 9, 1992, dismissing the petition, unanimously affirmed, without costs.

There is no merit to petitioners' contention that the mandatory provision for offset of amounts recovered from third-party tortfeasors and the anti-stacking provision required to be set forth in underinsured motorist endorsements pursuant to the regulation adopted by the Department of Insurance (11 NYCRR subpart 60-2 [Regulation No. 35-D]; Insurance Law § 3420 [f] [2]) are arbitrary, capricious or irrational as violative of public policy as set forth in *Matter of United Community Ins. Co. v Mucatel* (127 Misc 2d 1045, *affd* 119 AD2d 1017, *affd* 69 NY2d 777) and *Di Stasi v Nationwide Mut. Ins. Co.* (132 AD2d 305), as those decisions were premised entirely upon non-public policy considerations *(see, Matter of General Acc. Ins. Co. v Bailey,* 178 AD2d 924). Concur—Murphy, P. J., Carro, Kupferman, Asch and Kassal, JJ.