In the Matter of the Arbitration between TRAVELERS INSURANCE COMPANY, Appellant, and KAREN MAGYAR, Formerly Known as KAREN NEWTON, Respondent. [629 NYS2d 900] —Order unanimously reversed on the law without costs and petition granted. Memorandum: Petitioner appeals from an order denying its application to stay arbitration of respondent's claim for underinsurance coverage and directing that the matter proceed to arbitration. Petitioner contends that it is entitled to a stay of arbitration because respondent failed to comply with a condition precedent to coverage, viz., that respondent released her claim against the tortfeasors and their insurer without the knowledge or consent of petitioner in derogation of petitioner's subrogation rights.

Petitioner is entitled to a stay of arbitration. Respondent contends that the consent to settlement condition is contained only within the uninsured motorist coverage, not within the underinsurance endorsement. However, the general conditions of the policy, which govern all contractual obligations thereunder, expressly require notification and cooperation and require the insured to "do * * * [w]hatever is necessary to enable" the

insurer to exercise its subrogation rights, and to do "[n]othing after loss to prejudice" those rights.

We also reject the contention of respondent that her failure to obtain her insurer's consent should be excused on the ground that the wording of the declaration sheet is misleading and ambiguous. The declaration sheet refers to "uninsured motorist" coverage in the amount of $25,000/$50,000. Petitioner's use of the phrase "uninsured motorist" to denote, generically, separate categories of coverage that the Legislature has labeled as "uninsured" and "supplementary uninsured" motorist coverage (see, Insurance Law § 3420 [f] [1], [2]) is not misleading. Further, because uninsured motorist coverage cannot exceed $10,000/$20,000 (see, Insurance Law § 3420 [f] [1]), there could be little doubt that underinsurance coverage was provided. Moreover, the Court of Appeals has held that there is nothing inherently ambiguous or objectionable about a policy that contains a single, combined limit of uninsured/ underinsured motorist coverage (see, Matter of Allstate Ins. Co. [Stolarz-N. J. Mfrs. Ins. Co.], 81 NY2d 219, 222-224). Finally, any conceivable ambiguity is eliminated by the declaration sheet's express incorporation of the underinsurance endorsement. (Appeal from Order of Supreme Court, Erie County, Rath, Jr., J.—Stay Arbitration.) Present—Denman, P. J., Pine, Callahan, Doerr and Balio, JJ.