■ In the Matter of Arbitration between Exchange Insurance Company, Appellant, and Florian Skomski, Respondent. [637 NYS2d 561] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Paragraph B of the "Limit of Liability" portion of the underinsurance endorsement issued by petitioner authorizes it to reduce the damages payable under the endorsement by the amounts paid or payable to its insured for bodily injury pursuant to workers' compensation or disability benefit laws. Supreme Court erred in concluding that paragraph B is ambiguous, and thus, that petitioner is not entitled to an offset for the disability benefits received by its insured.

The court's reliance upon *Matter of United Community Ins. Co. v Mucatel* (127 Misc 2d 1045, *affd* 119 AD2d 1017, *affd* 69 NY2d 777) and *Matter of Nationwide Mut. Ins. Co. v Davis* (195 AD2d 561, *lv denied* 82 NY2d 664) is misplaced. In those cases, the face sheet, or declarations page, of the policy reflected underinsurance coverage in a specified amount. The underinsurance endorsement in each case, however, provided that the amount of that coverage would be reduced by the amount received from the alleged tortfeasor. Because underinsurance coverage presupposes the existence of another policy providing the minimum bodily injury coverage mandated by statute, the courts have held that the reduction in coverage provision is ambiguous because the insured would never receive the full amount of coverage indicated on the declarations page *(see, Matter of United Community Ins. Co. v Mucatel, supra,* at 1046-1047). There is no such ambiguity, however, when, as here, the offset or reduction in coverage would apply only in certain instances and not in all instances *(see, Matter of Valente v Prudential Prop. & Cas. Ins. Co.,* 77 NY2d 894; *Matter of United States Fire Ins. Co. v Fotinakos,* 203 AD2d 296; *Matter of General Acc. Ins. Co.v Bailey,* 178 AD2d 924, 925).

Although paragraph A of the "Limit of Liability" portion of the subject endorsement contains the offset provision found ambiguous in *Mucatel (supra),* the existence of that provision does not preclude enforcement of the separate offset in paragraph B. Because the ambiguity created by paragraph A must be resolved in favor of the insured, the reduction in coverage authorized by that paragraph cannot be enforced *(see, Matter of United Community Ins. Co. v Mucatel,* 69 NY2d 777, *supra).* The remaining portions of the policy and endorsement remain enforceable. There is no evidence that petitioner seeks an offset for monies received by the insured from the alleged

tortfeasor, as was the case in *Mucatel.* The sole issue here is whether petitioner is entitled to enforce paragraph B, which provides for an offset for benefits received pursuant to workers' compensation or disability benefit laws. Because the declarations page incorporates the underinsurance endorsement by reference to its number, and the endorsement unequivocally provides for an offset for disability benefits received by the insured, no ambiguity exists precluding enforcement of that provision of the endorsement *(cf., Matter of Travelers Ins. Co. [Magyar],* 217 AD2d 954).

Thus, we modify the order appealed from by granting in part the petition and declaring that petitioner is entitled to offset monies received by its insured pursuant to General Municipal Law § 207-c, Retirement and Social Security Law § 363 and Federal Social Security disability benefits laws. However, the court properly denied that part of the petition seeking a stay of arbitration; an issue remains regarding the amount of disability benefits received by respondent that are to be applied as an offset. (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Stay Arbitration.) Present—Denman, P. J., Pine, Wesley, Balio and Boehm, JJ.