JOANNE B. WARD, Appellant, v CORBALLY, GARTLAND & RAPPLEYEA, Defendant, and PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY, Respondent. [639 NYS2d 460]

The Supreme Court properly concluded that the plaintiff's claim for underinsurance benefits was subject to arbitration as provided by the respondent's insurance policy. Further, the respondent did not waive its right to rely on the policy's arbitration clause by initially disclaiming coverage or by later defending the propriety of its disclaimer in court *(see, Matter of State Farm Mut. Ins. Co. v Donath,* 164 AD2d 889; *see also, Matter of Vanguard Ins. Co. [Polchlopek],* 18 NY2d 376, 382). Contrary to the plaintiff's contentions, the reduction-in-coverage clause relating to offsets for underinsurance benefits is enforceable since the respondent's policy has a single-limit combined uninsurance/underinsurance endorsement *(see, Matter of Allstate Ins. Co. [Stolarz—N. J. Mfrs. Ins. Co.],* 81 NY2d 219; *cf., Matter of United Community Ins. Co. v Mucatel,* 127 Misc 2d 1045, 1046, *affd* 119 AD2d 1017, *affd* 69 NY2d 777).

The plaintiff's remaining contentions are without merit *(see, Matter of Valente v Prudential Prop. & Cas. Ins. Co.,* 77 NY2d 894; *Fox v Atlantic Mut. Ins. Co.,* 132 AD2d 17). Balletta, J. P., Thompson, Pizzuto and Altman, JJ., concur.