■ In the Matter of the Arbitration between NEW YORK CENTRAL MUTUAL FIRE INSURANCE Co., Appellant, and DAVID

J. McGILL, Respondent. [665 NYS2d 993] —Judgment unanimously reversed on the law without costs, petition granted and judgment granted in accordance with the following Memorandum: Supreme Court erred in refusing to grant the petition seeking a stay of underinsurance arbitration and a declaration that the offset provision in the underinsured motorist coverage endorsement of the supplementary uninsured motorist coverage issued by petitioner to respondent is enforceable (see, Matter of Allstate Ins. Co. [Stolarz—N. J. Mfrs. Ins. Co.], 81 NY2d 219; Matter of Travelers Ins. Co. [Magyar], 217 AD2d 954). We reject respondent's contention that, because petitioner uses separate endorsements to differentiate uninsured and underinsured motorist coverage, it is not entitled to enforce the offset provision. The dispositive issue is whether there is a single combined limit of uninsured/underinsured motorist coverage, not whether there is a single endorsement. Because there is a single, combined limit of uninsured/underinsured motorist coverage in the policy at issue and the offset provision would apply only in certain instances, there is no ambiguity (see, Matter of Exchange Ins. Co. [Skomski], 224 AD2d 948).

Respondent further contends that there is an ambiguity in the policy based upon the supplementary uninsured motorist limits on the declarations page and the offset provision in the endorsement. We disagree. The offset provision makes specific reference to the underinsurance endorsement, which unequivocally provides for an offset for "all sums paid because of the 'bodily injury' by or on behalf of persons or organizations who may be legally responsible." There is no ambiguity precluding enforcement of the offset provision (see, Matter of Exchange Ins. Co. [Skomski], supra, at 949; see also, Matter of Valente v Prudential Prop. & Cas. Ins. Co., 77 NY2d 894).

We therefore grant judgment in favor of petitioner and declare that the offset provision is enforceable. (Appeal from Judgment of Supreme Court, Erie County, Notaro, J.—Arbitration.) Present—Green, J. P., Pine, Wisner, Balio and Fallon, JJ.