■ ALLSTATE INSURANCE COMPANY, Appellant, v RAYMOND J. FAZIO, Respondent. [715 NYS2d 855] —In an action to enforce the

provision of an insurance contract which was for a trial de novo, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Joseph, J.), dated January 25, 1999, as denied its motion to vacate an order of the same court dated October 29, 1998, granting the defendant's motion to dismiss the complaint upon its default in opposing the motion.

Ordered that the order is affirmed insofar as appealed from, with costs.

In moving to vacate its default in opposing the defendant's motion to dismiss the instant action for a trial de novo, Allstate Insurance Company (hereinafter Allstate) appended to its motion papers a copy of the policy allegedly issued to the defendant. Allstate also proffered a certification by one of its employees that the appended policy was the defendant's policy on the date of his accident. That contract provided for a trial de novo under certain circumstances. However, in the context of a separate proceeding commenced by Allstate to stay arbitration of the defendant's claim for underinsured motorist benefits, Allstate submitted a different policy, allegedly issued to the defendant, which did *not* provide for a right to a trial de novo on claims for underinsured motorist benefits. Allstate did not explain this discrepancy.

Under these circumstances, the Supreme Court providently exercised its discretion in determining that Allstate failed to establish that its cause of action had merit (*see, Fidelity & Deposit Co. v Andersen & Co.,* 60 NY2d 693; *Barasch v Micucci,* 49 NY2d 594; *see also, Goncalves v Stuyvesant Dev. Assocs.,* 232 AD2d 275; *Vierya v Briggs & Stratton Corp.,* 166 AD2d 645). Accordingly, the Supreme Court properly denied Allstate's motion to vacate its default. Bracken, J. P., Santucci, Thompson and Sullivan, JJ., concur.