■ In the Matter of RAYMOND J. FAZIO, Respondent, v ALL-STATE INSURANCE COMPANY, Appellant. [714 NYS2d 759] —In a proceeding pursuant to CPLR 7510 to confirm an arbitration award for underinsured motorist benefits, the appeal is from (1) an order of the Supreme Court, Kings County (Huttner, J.), dated July 28, 1999, which, *inter alia,* granted the petition, and (2) a judgment of the same court, entered August 20, 1999, which is in favor of the petitioner and against the appellant in the principal sum of $50,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the petitioner is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the proceeding (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

In opposing the petition to confirm the subject arbitration award Allstate Insurance Company (hereinafter Allstate) contended, *inter alia*, that the policy it issued to the petitioner provided that any arbitration award be offset by Workers' Compensation benefits received by the petitioner and the settlement he received in the underlying negligence action. Allstate submitted the policy allegedly issued to the petitioner which contained a provision providing for such offsets. However, as noted in *Allstate Ins. Co. v Fazio* (276 AD2d 653 [decided herewith]), in a separate proceeding to stay the arbitration, Allstate produced a policy, allegedly issued to the petitioner, containing a "Supplemental Uninsured/Underinsured Motorist Endorsement" (hereinafter SUM endorsement) which differed from the SUM endorsement in the policy submitted in the instant proceeding. That policy did not provide for offsets but only for "non-duplication" of certain benefits or recoveries. Consistent with this non-duplication provision, the arbitrator declined to reduce the petitioner's SUM award by the amount of the Workers' Compensation benefits he received, since the petitioner did not seek lost wages on his claim for underinsured motorist benefits. The arbitrator's award also did not "duplicate" the settlement that the petitioner received in the underlying negligence action, according to the terms of the subject policy provision.

In the related action *Allstate Ins. Co. v Fazio* (*supra*), Allstate argued that the SUM endorsement in effect on the date of the accident did not contain the non-duplication provision. However, Allstate has made no attempt to explain its position in the earlier proceeding to stay arbitration that the subject non-duplication provision *was* in effect at the time of the accident. At the very least, the varying positions taken by Allstate create an ambiguity as to the exact language of the subject policy. It is well established that an ambiguity in an insurance policy must be resolved in favor of the insured (*see, Matter of New York Cent. Mut. Fire Ins. Co. [McGill]*, 244 AD2d 865; *Matter of Exchange Ins. Co. [Skomski]*, 224 AD2d 948; *see also, Matter of United Community Ins. Co. v Mucatel*, 69 NY2d 777; *Matter of Travelers Ins. Co. [Magyar]*, 217 AD2d 954; *Matter of General Acc. Ins. Co. v Bailey*, 178 AD2d 924, 925). Accordingly, the Supreme Court properly confirmed the arbitration award.

In light of our determination, we need not reach the parties' remaining contentions. Bracken, J. P., Santucci, Thompson and Sullivan, JJ., concur.