OPINION OF THE COURT
Ira Gammerman, J.
Petitioner moves pursuant to CPLR article 75 seeking to stay the underinsured motorist arbitration demanded by respondent upon the grounds that there are no issues to be arbitrated, that the demand for arbitration seeks an amount in excess of the limits of liability of petitioner’s policy and upon the further ground that petitioner has tendered to respondent the full amount provided by the policy.
Respondent, in her demand for arbitration, alleges that she is entitled to the full underinsured motorist coverage included in her husband’s policy without any offset.
On November 15, 1983, respondent Shirley Mucatel, while a passenger in a motor vehicle driven by her husband, was injured as a result of a two-car collision. The other vehicle was insured by Allstate Insurance Co. which agreed to pay $10,000, representing the maximum limits of liability carried by its insured. Respondent then requested payment under the underinsured provisions of the policy issued by her husband’s carrier, United Community Insurance Co., petitioner herein.
*1046 Petitioner tendered $15,000 to respondent claiming this to be the limit of their liability to respondent as set forth in their policy declaration and indorsement. According to petitioner, the declaration provides that the maximum limit of liability resulting from an accident is $25,000 for each person. The indorsement provides, however, that this amount shall be reduced by all sums paid by or on behalf of persons or organizations who may be legally responsible. Thus, $15,000 represents petitioner’s alleged limit of liability less the third-party carrier’s payment.
Respondent refused the $15,000 offered by petitioner claiming that under the terms of the underinsured coverage provision included in her husband’s policy, she is entitled to $50,000 without deduction or offset. A demand for arbitration was then served on petitioner.
Insurance Law § 167 (2-a) requires all automobile liability policies to provide, at the option of the insured, supplementary underinsured motorist insurance which will cover the insured if the liability limits of another motor vehicle (which is liable for damages) are less than the liability limits under the insured’s own policy. The only condition precedent to the obligation of the insurer to pay under this supplementary coverage is that the limits of liability of all bodily injury liability bonds or insurance policies applicable at the time of the accident be exhausted by payment of judgments or settlements.
Underinsured motorist coverage presupposes that the offending vehicle has liability insurance coverages for at least the minimal amount of coverage required by law in those States requiring such insurance. For example, under New York Vehicle and Traffic Law § 311 (4), a motorist is required to carry at least $10,000 liability coverage. New Jersey’s Motor Vehicle and Traffic Regulations (NJ Stats Ann § 39:6B-1) require such coverage to be at least $15,000. Thus, if the offending vehicle is registered in these States, a policy indorsement containing a reduction-in-coverage clause which reduces the amount the insured is entitled to recover by the sums paid by the third-party insurer will not pay the amount stated on the face of the declaration but only $15,000 (for a New York insured vehicle) and $10,000 (for a New Jersey insured vehicle). In no event, irrespective of the State of registration of the offending vehicle, will the carrier providing the underinsured coverage ever pay the amount indicated on the policy declaration. This is both misleading and ambiguous. In a case strikingly similar to the one at bar, plaintiff sought a ruling that the $25,000 underinsured motorist coverage included in his policy was payable to *1047 him in full without deduction or offset. The court found for the plaintiff and declared the policy’s reduction clause void. The court held that in order to clarify the policy and render it internally consistent, the reduction clause must be excluded from the policy or the dollar amounts must be changed to reflect the reality of the insurance company’s intention. (Garry v Worldwide Underwriters Ins. Co., 120 Misc 2d 91, 93 [1983], affd without opn 101 AD2d 717 [1984].) Moreover, the law is clear that any ambiguity in an insurance policy must be strictly construed against the insurer, the draftsman of the policy and in favor of the insured (American Home Assur. Co. v Hartford Ins. Co., 74 AD2d 224, 228 [1980]; Little v Blue Cross, 72 AD2d 200, 208 [1980]), particularly where the ambiguity is in an exclusionary clause, and the burden of proving a lack of coverage is on the insurer. (Kronfeld v Fidelity & Cas. Co., 53 AD2d 190, 194 [1976].)
The reduction-in-coverage clause in the indorsement should not be given effect and respondent is entitled to the underinsured motorist coverage included in her husband’s policy without an offset. However, respondent’s claim that she is entitled to $50,000 is without merit. The declaration clearly states that the coverage is $25,000 for each person. Thus, the only issue left for the arbitrator is to determine the amount of damages sustained by respondent up to this $25,000 limit.
For the foregoing reasons, the motion to stay arbitration is denied.