■ In the Matter of the Arbitration between CNA INSURANCE COMPANIES, Appellant, and CATHERINE GRANDSTAFF, Respondent.—Per Curiam. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Lefkowitz, J.), entered August 9, 1991 in Rockland County, which, *inter alia,* granted respondent's motion to vacate a stay of arbitration between the parties.

The primary question presented on this appeal is whether the reduction-in-coverage clause in the underinsured motorist endorsement herein, which reduces the maximum amount recoverable under the supplementary underinsured motorist clause by sums received from the underinsured's insurer and others liable so that the carrier would never pay the maximum coverage stated, is ambiguous and thereby unenforceable.

Respondent was a passenger in a motor vehicle owned by Frank Valerio and operated by Frank Valerio, Jr. when it was involved in a collision with a vehicle owned and operated by Adeline Ferrantello. The Valerio car was insured by petitioner and the Ferrantello car was insured by Allstate Insurance Company. The Allstate policy limits were $100,000 per person and $300,000 per occurrence. Petitioner's policy provided for $500,000 in combined single-limit liability coverage plus underinsured motorist coverage of $500,000. Litigation ensued which was settled prior to trial for $591,500. Of that amount $100,000 was paid by Allstate and petitioner agreed to pay $491,500 to respondent. Another claim arising out of the accident was settled for $8,500.

Respondent demanded arbitration of her underinsured claim against petitioner. Petitioner obtained a temporary stay of the arbitration pending disposition of the litigation of the related claims in Supreme Court. After settlement of the Supreme Court litigation, respondent moved for an order vacating the stay of arbitration. Petitioner cross-moved to continue the stay on the ground that respondent was not entitled to collect any sum under the underinsured endorsement because the underinsured endorsement on its policy provided that the limit of liability shown on the declaration shall be reduced by all sums paid because of bodily injury by

or on behalf of persons or organizations who may be legally responsible, including all sums paid under the liability coverage. Because respondent had already collected in excess of the $500,000 underinsured limit, petitioner contended that it was entitled to offset those payments from the uninsured limit of $500,000, leaving nothing to arbitrate.

Supreme Court found that the declaration gave notice of the reduction clause in the underinsured coverage, but held that the reduction clause was not to be given effect based on *Passaro v Metropolitan Prop. & Liab. Ins. Co.* (128 Misc 2d 21, *affd on opn below* 124 AD2d 647), which held such clauses to be in violation of Insurance Law § 3420 (f). Supreme Court then granted respondent's motion to vacate the stay of arbitration and denied petitioner's cross motion to continue the stay. Petitioner appeals.

In *Matter of United Community Ins. Co. v Mucatel* (127 Misc 2d 1045, *affd without opn* 119 AD2d 1017, *affd on opn below* 69 NY2d 777), a passenger injured in an automobile accident sought payment under the underinsured motorist provisions of the policy issued to the driver of the car in which she was riding. The insurer refused to pay the maximum liability limit indicated on the face sheet of the policy, seeking instead to reduce that amount by the terms of a policy endorsement containing a reduction-in-coverage clause. Because an insurer would never pay the amount stated on the face sheet if the reduction-in-coverage clause were given effect, the policy in *Mucatel* was held to be misleading and ambiguous. Inasmuch as insurance policy ambiguities are resolved in favor of the insured, the reduction-in-coverage clause in the endorsement was not given effect and the injured passenger was found to be entitled to the underinsured motorist coverage included in the driver's policy without an offset. The *Mucatel* holding was subsequently cited with approval by the Court of Appeals in *Maurizzio v Lumbermens Mut. Cas. Co.* (73 NY2d 951, 953) (*contra, Matter of General Acc. Ins. Co. v Bailey,* 178 AD2d 924).

In the instant case, the face sheet on the policy lists the underinsured motorist coverage limit as $500,000 for each accident. The face sheet does give some notice in small print that other endorsements apply but this is inadequate to inform the policy holder of the deductible created by the reduction-in-coverage clause. The face sheet does not show any deductible for the underinsured motorist coverage as it does for collision and comprehensive coverages. The endorsement provisions in the policy are misleading to the extent they

deceptively reduce the stated $500,000 underinsured coverage preventing petitioner from ever having to pay the $500,000 coverage limit. The relevant language in the face sheet and policy endorsement appears to be identical to that contained in *Matter of United Community Ins. Co. v Mucatel (supra)* and found to be ambiguous in that case. Respondent is therefore entitled to the underinsured motorist coverage contained in petitioner's policy without an offset. Supreme Court's order vacating the stay of arbitration between the parties is affirmed.

Mikoll, J. P., Levine, Mahoney, Casey and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.