■ In the Matter of NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent, v ETHEL DAVIS, Appellant. [600 NYS2d 482] — In a proceeding pursuant to CPLR article 75 to stay arbitration of an underinsured motorist claim, Ethel Davis appeals from a judgment of the Supreme Court, Westchester County (Fredman, J.), entered May 23, 1991, which granted the petition.

Ordered that the judgment is reversed, on the law, with

costs, the application is denied, and the parties are directed to proceed to arbitration.

On October 19, 1989, the appellant was injured when her vehicle was struck by a vehicle owned by Marylou Garlo and operated by Stephen Garlo. The appellant settled her claim against the Garlos for the full $10,000 limit of their liability policy with Allstate Insurance Company. The appellant then filed a claim for underinsurance benefits with her carrier, Nationwide Mutual Insurance Company (hereinafter Nationwide). The appellant's policy provided underinsurance coverage in the amount of $10,000 per person, $20,000 per accident. The appellant served a demand for arbitration upon Nationwide, which made an application to stay the arbitration. Nationwide argued, *inter alia,* that, pursuant to a clause in the policy, it was entitled to offset the $10,000 recovered from the tortfeasor against the $10,000 limit of the appellant's underinsurance coverage. The Supreme Court granted the petition, holding that the reduction in coverage clause was valid and, therefore, there were no damages issue to arbitrate. We reverse.

The policy declaration page lists the underinsured motorist coverage limit as $10,000. The face sheet does not indicate that the payment of underinsured motorist benefits would be subject to a reduction, as it does for collision and comprehensive coverages. Moreover, the coverage amount is misleading to the extent that it purports to reduce the underinsurance coverage so as to spare the carrier from ever having to pay the coverage limit *(see, Matter of CNA Ins. Cos. [Grandstaff],* 188 AD2d 965; *see also, Matter of United Community Ins. Co. v Mucatel,* 127 Misc 2d 1045, *affd* 119 AD2d 1017, *affd* 69 NY2d 777). We have held in *Matter of Federal Ins. Co. v Reingold* (181 AD2d 769) that a carrier may not offset the amounts that its policyholder has recovered from others against the full amount of the underinsurance endorsement limits. Here, the reduction in coverage would render the underinsurance coverage illusory by stripping the policyholder of underinsurance benefits which were paid for as part of the policy. Thompson, J. P., Rosenblatt, Miller and Santucci, JJ., concur.