◾ In the Matter of NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent, v COLLEEN A. CORIZZO, Appellant. [606 NYS2d 719] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an underinsured motorist claim, Colleen A.

Corizzo appeals from a judgment of the Supreme Court, Westchester County (Fredman, J.), entered August 15, 1991, which granted the petition.

Ordered that the judgment is reversed, on the law, with costs, the application is denied, and the parties are directed to proceed to arbitration.

On May 27, 1989, the appellant was injured in an automobile accident by a vehicle owned and operated by Charles Thorp. The appellant settled her claim against Thorp for the full $25,000 limit of his policy with Aetna Insurance Company. The appellant then filed a claim for underinsurance benefits with her carrier, Nationwide Mutual Insurance Company (hereinafter Nationwide). The appellant's policy provided underinsurance coverage in the amount of $100,000 per person, $300,000 per accident. The appellant served a demand for arbitration upon Nationwide, which made an application to stay arbitration. Nationwide argued that, pursuant to a clause in the policy, it was entitled to offset the $25,000 recovered from the tortfeasor against the $100,000 limit of the appellant's underinsurance coverage. The Supreme Court granted the petition, finding that the reduction in coverage clause was valid and that Nationwide was entitled to the reduction. We reverse.

This Court has specifically held that an insurance carrier may not offset the amounts that its policyholder has recovered from others against the full amount of the underinsurance endorsement limits (see, Matter of Nationwide Mut. Ins. Co. v Davis, 195 AD2d 561; Matter of Federal Ins. Co. v Reingold, 181 AD2d 769). Here, the policy declaration page lists the underinsured motorist coverage limit as $100,000. The face sheet does not indicate that the payment of underinsured motorist benefits would be subject to a reduction, as it does for collision coverage. Therefore, the coverage amount is misleading "to the extent that it purports to reduce the underinsurance coverage so as to spare the carrier from ever having to pay the coverage limit" (Matter of Nationwide Mut. Ins. Co. v Davis, supra, at 562; Matter of CNA Ins. Cos. [Grandstaff], 188 AD2d 965; Matter of United Community Ins. Co. v Mucatel, 127 Misc 2d 1045, affd 119 AD2d 1017, affd 69 NY2d 777). Ritter, J. P., Copertino, Pizzuto and Joy, JJ., concur.