■ In the Matter of ROSEMARY LYONS, Respondent, v NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, Appellant. [617 NYS2d 37] —In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, the appeal is from an order and judgment (one paper) of the Supreme Court, Kings County (Vinik, J.), entered February 22, 1993, which granted the petition and, in effect, denied the appellant's cross application to reduce the award by the amount of workers' compensation benefits paid.

Ordered that the order and judgment is modified, on the law, by granting the appellant's cross application, deleting the provision granting the petitioner's application to confirm the award in its entirety, and substituting therefor a provision granting the application only to the extent of awarding the petitioner the principal amount of $52,088.15 plus prejudgment interest; as so modified, the order and judgment is affirmed, with costs to the appellant.

The insurance policy at bar expressly provides that recovery under the supplemental uninsured motorist endorsement be reduced by the amount of workers' compensation benefits paid or payable. Consequently, the appellant is entitled to an offset for the benefits paid to the petitioner (see, Matter of Valente v Prudential Prop. & Cas. Ins. Co., 77 NY2d 894). The appellant

did not waive its right to the offset nor is it estopped from asserting its right by its counsel's representation that no workers' compensation lien existed. There was, in fact, no workers' compensation lien. The contractual reduction in recovery does not constitute a lien (see, Workers' Compensation Law § 29 [1]).

The petitioner is, however, entitled to prejudgment interest on the reduced amount from the date of the award (see, CPLR 5002). Thompson, J. P., Sullivan, Altman and Goldstein, JJ., concur.