■ In the Matter of NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent, v MARY STOKES, Appellant. [626 NYS2d 231] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an underinsured motorist claim, Mary Stokes appeals from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered December 15, 1993, as limited her maximum recovery for underinsured motorist benefits to $37,900.

Ordered that the order is modified, on the law, by deleting the provision thereof which reduced the appellant's underinsured motorist benefits by the $10,000 settlement received from the tortfeasor; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant.

On February 14, 1992, the appellant was injured in an automobile accident when she was struck by a vehicle owned by Russell Caldwell and operated by Steven Schwartz. The appellant settled her claim against the Caldwell vehicle for the full $10,000 limit of his policy with Aetna Insurance Company. Thereafter, the appellant demanded arbitration for underinsured motorist benefits from her insurer, Nationwide Mutual Insurance Company (hereinafter Nationwide). The appellant's policy with Nationwide provided underinsured motorist coverage of $50,000 per person, and $100,000 per accident. Nationwide commenced the instant proceeding to stay arbitration arguing, *inter alia,* that, pursuant to a clause in the policy, it was entitled to offset the $10,000 recovered from Aetna and $2,100 of Workers' Compensation benefits paid to the appellant against the $50,000 limit of the appellant's underinsurance coverage. The Supreme Court denied Nationwide's application to stay arbitration, but held that the offset provisions were valid and that the appellant's underinsurance coverage was limited to $37,900.

This Court has specifically held that an insurance carrier may not offset the amounts that its policyholder has recovered from third parties against the full amount of the underinsurance endorsement limits *(see, Matter of Nationwide Ins. Co. v Corizzo,* 200 AD2d 621; *Matter of Nationwide Mut. Ins. Co. v Davis,* 195 AD2d 561; *Matter of Federal Ins. Co. v Reingold,* 181 AD2d 769). Therefore, the Supreme Court erred by reducing the appellant's underinsurance coverage by the $10,000 settlement. However, Nationwide was entitled to an offset for the Workers' Compensation benefits paid to the appellant

since there is nothing in the statute governing underinsured motorist coverage *(see,* Insurance Law § 3420 [f] [2]), which prohibits the parties from agreeing to reduce such coverage by amounts received pursuant to the Workers' Compensation laws *(see, Matter of Valente v Prudential Prop. & Cas. Ins. Co.,* 77 NY2d 894; *Matter of Lyons v National Union Fire Ins. Co.,* 208 AD2d 540). Sullivan, J. P., O'Brien, Thompson and Hart, JJ., concur.