■ In the Matter of the Arbitration between NATIONWIDE INSURANCE COMPANY, Appellant, and MELISSA WINN, Respondent. [627 NYS2d 161] —Crew III, J. Appeal from an order of the Supreme Court (Kahn, J.), entered July 15, 1994 in Albany County, which denied petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

The essential facts are not in dispute. On January 3, 1993, a vehicle owned and operated by Corinne Gladle and insured by petitioner collided with a vehicle owned and operated by Kristie Ferriero and insured by New York Central Mutual Insurance Company (hereinafter New York Central). As a

result of the collision respondent, who was a passenger in the Gladle vehicle, sustained certain personal injuries. Respondent subsequently settled her claim against Ferriero for $10,000, the full amount of the coverage available under New York Central's policy, and settled her claim against Gladle for $100,000, representing the full amount available under the individual bodily injury coverage afforded by petitioner's policy. Apparently claiming that such coverage was inadequate, respondent sought additional payment from petitioner pursuant to the underinsurance coverage provided in its policy. Petitioner declined respondent's request and respondent filed a demand for arbitration.

Petitioner thereafter commenced this proceeding seeking, *inter alia,* a permanent stay of arbitration contending, *inter alia,* that in accordance with the Court of Appeals' decision in *Matter of Allstate Ins. Co. (Stolarz—N. J. Mfrs. Ins. Co.)* (81 NY2d 219), it was entitled to offset its underinsurance coverage by the amount of money already paid to respondent pursuant to the liability provisions of both petitioner's and New York Central's policies. Supreme Court, relying upon *Matter of United Community Ins. Co. v Mucatel* (127 Misc 2d 1045, *affd without opn* 119 AD2d 1017, *affd on opn below* 69 NY2d 777), denied the request for a stay. This appeal by petitioner followed.

The issue on appeal distills to whether petitioner's policy contains an integrated uninsurance/underinsurance provision and, hence, whether *Mucatel* or *Stolarz (supra)* applies to the facts of this case. Although Supreme Court found that petitioner's policy contained two separate and distinct endorsements relating to uninsured and underinsured motorist coverage, we disagree. An examination of the relevant endorsements reveals that endorsement No. 1737, entitled "supplementary uninsured motorists insurance (underinsured motorists insurance—bodily injury)", expressly amends endorsement No. 1751, the "automobile accident indemnification" endorsement, to include an "underinsured highway vehicle" in the definition of "uninsured automobile", as that term is defined in endorsement No. 1751. Additionally, petitioner's policy indicates that a single premium was paid for such insurance, and the offset provision at issue here specifically refers to payments made by or on behalf of the owner or operator of either an uninsured *or* underinsured vehicle. Accordingly, we are of the view that petitioner's policy contains a combined uninsurance/underinsurance clause and, having so concluded, we are constrained by the Court of Appeals' decision in *Matter*

*of Allstate Ins. Co. (Stolarz—N. J. Mfrs. Ins. Co.) (supra)* to find that the offset clause at issue here is enforceable. Respondent's remaining argument, that the offset clause is ambiguous, has been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition granted to the extent that the arbitration between the parties is permanently stayed.