■ In the Matter of the Arbitration between METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, Respondent, and ARTHUR MARKLAND, Appellant, et al., Respondents. [642 NYS2d 508] —Judgment, Supreme Court, Bronx County (Barry Salman, J.), entered December 27, 1994, which granted petitioner's application to permanently stay underinsured motorist arbitration demanded by respondent, unanimously affirmed, without costs.

Respondent was struck by a car while walking on the street and has been offered the $25,000 limit of the offending vehicle's policy. Respondent's policy with petitioner provides for coverage of "Uninsured/Underinsured Motorists: Bodily Injury— $25,000 per person/$50,000 per Accident", and contains an offset clause reducing any amount payable to the insured under the policy by any amount that the insured is entitled to recover from any legally responsible person. Offsetting the $25,000 tendered by the offending vehicle's carrier against what it described as "a combined uninsured/underinsured limit" of $25,000, the IAS Court, relying on *Matter of Allstate Ins. Co. (Stolarz—New Jersey Mfrs. Ins. Co.)* (81 NY2d 219), and distinguishing the strictly underinsured coverage limit involved in *Matter of United Community Ins. Co. v Mucatel* (127 Misc 2d 1045, *affd without opn* 119 AD2d 1017, *affd for reasons stated at Special Term* 69 NY2d 777) and *Matter of Nationwide Mut. Ins. Co. v Davis* (195 AD2d 561, *lv denied* 82 NY2d 664), found that the offset reduced any amount payable to zero, and held that the offending vehicle was not underinsured as defined by policy. We agree. "The issue on appeal distills to whether petitioner's policy contains an integrated uninsurance/underinsurance provision and, hence, whether *Mucatel* or *Stolarz* (*supra*) applies to the facts of this case." (*Matter of Nationwide Ins. Co. [Winn]*, 215 AD2d 958, 959.) We find that it does, and hence under *Stolarz*, the offset clause is enforceable. Concur—Murphy, P. J., Wallach, Ross, Nardelli and Williams, JJ.