■ In the Matter of MARIE LOTITO, Appellant, v METROPOLITAN PROPERTY & CASUALTY INS. CO., Respondent. [643 NYS2d 227]

The petitioner was involved in a motor vehicle accident with a vehicle insured by Eagle Insurance Company (hereinafter Eagle). The petitioner's vehicle was insured under a policy issued by the respondent with a combined uninsured/underinsured coverage limit of $10,000. The petitioner settled her claim against the tortfeasor for $10,000, representing the full amount available under the policy issued by Eagle.

The petitioner thereafter commenced the instant proceeding to compel arbitration of an underinsured motorist claim. The respondent moved to stay arbitration asserting that, under its policy, it was entitled to an offset of the amount already paid to the petitioner under the policy issued by Eagle and, since the petitioner had already reached her policy limit of $10,000, she could not recover additional monies.

The Supreme Court properly stayed arbitration. Since the policy at issue contains a single combined limit of uninsured and underinsured motorist coverage, the respondent is entitled to an offset of $10,000, which is the amount that the petitioner recovered from the tortfeasor (*see, Matter of Allstate Ins. Co. [Stolarz],* 81 NY2d 219; *Matter of Nationwide Ins. Co. [Winn],* 215 AD2d 958; *Matter of Zurich Ins. Co. v Wilburn,* 212 AD2d 620; *cf., Matter of United Community Ins. Co. v Mucatel,* 69 NY2d 777; *Matter of Nationwide Mut. Ins. Co. v Corizzo,* 200

AD2d 621). Since the petitioner has exhausted her policy limit, there is nothing to arbitrate. Mangano, P. J., Thompson, Florio and McGinity, JJ., concur.