■ In the Matter of JACQUELYNN M. PAOLILLI, Appellant, v AETNA INSURANCE COMPANY, Respondent. [645 NYS2d 815] ■

On September 30, 1989, the appellant was a passenger in a vehicle owned and operated by Carolyn Herrington. The appellant was injured when Herrington's vehicle was struck by a vehicle owned and operated by Edgar Parson, Jr. The appellant settled her claim against the Parson vehicle for the full $10,000 limit of Parson's policy with Hanover Insurance Company. Thereafter, the appellant demanded arbitration for underinsured motorist benefits from Herrington's insurer, Aetna Insurance Company (hereinafter Aetna). Herrington's policy with Aetna provided underinsured motorist coverage of $100,000 per person, $100,000 per accident. In addition, the underinsured motorists coverage endorsement provided for the offset of all sums paid by or for anyone who was legally responsible for the accident. The parties proceeded to arbitration, and on February 18, 1993, the arbitrator awarded the appellant $50,000 "less any amount received from the tortfeasor". The appellant sought modification of the award on the ground that the offset provision was unenforceable under New York law. The arbitrator modified the award to delete the provision reducing the award by the amount received "from the tortfeasor".

Thereafter, Aetna tendered a check to the appellant in the amount of $40,000 and informed the appellant that it intended

to appeal the arbitrator's modified award. The appellant then moved to confirm the modified arbitration award. In its papers in opposition to the motion to confirm, Aetna requested that the court vacate the modified award and confirm the original award. The Supreme Court found that the reduction in coverage clause was enforceable, vacated the modified arbitration award and confirmed the original award. Subsequently, the Supreme Court granted the appellant's motion for reargument, and upon reargument, adhered to its original determination. We reverse.

A reduction in coverage clause is only enforceable when a policy contains a single combined limit of uninsured and underinsured motorists coverage (*see, Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.],* 81 NY2d 219; *Matter of United Community Ins. Co. v Macatel,* 127 Misc 2d 1045, *affd* 119 AD2d 1017, *affd* 69 NY2d 777). Here, the policy does not contain a single combined endorsement for uninsured and underinsurance motorists coverage. Thus, the reduction in coverage clause is unenforceable (*see, Matter of Nationwide Mut. Ins. Co. v Stokes,* 215 AD2d 391; *Matter of Nationwide Mut. Ins. Co. v Corizzo,* 200 AD2d 621; *Matter of Nationwide Mut. Ins. Co. v Davis,* 195 AD2d 561; *cf., Matter of Zurich Ins. Co. v Wilburn,* 212 AD2d 620). Balletta, J. P., O'Brien, Altman and Friedmann, JJ., concur.