■ In the Matter of NATIONWIDE INSURANCE COMPANY, Respondent, v DONNA OHRABLO, Appellant. [654 NYS2d 152] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an underinsured motorist claim, the appeal is from a judgment of the Supreme Court, Nassau County (O'Brien, J.), dated August 28, 1995, which granted the petition unless the appellant acknowledged that the available underinsured motorist benefits of $25,000 were subject to an offset in the amount of $20,000.

Ordered that the judgment is affirmed, with costs.

The offset provision relied upon by the petitioner insurance carrier is enforceable because the policy contains a "single, combined * * * limit of uninsurance/underinsurance" covered by one premium and a "combined" endorsement for uninsured and underinsured coverage (Matter of Allstate Ins. Co. [Stolarz—N.J. Mfrs. Ins. Co.], 81 NY2d 219, 223, 230; see, Matter of Nationwide Ins. Co. [Winn], 215 AD2d 958; cf., Matter of United Community Ins. Co. v Mucatel, 69 NY2d 777). The policy under review is identical, in pertinent part, to the policy analyzed in Matter of Nationwide Ins. Co. (Winn) (supra). Although endorsement number 1751 covers uninsured motorist coverage and endorsement number 1737 covers underinsured motorist coverage, endorsement number 1737 expressly amends endorsement number 1751, inter alia, so as "to include an 'underinsured highway vehicle' in the definition of 'uninsured automobile' " and accordingly "contains a combined uninsurance/underinsurance clause" (Matter of Nationwide Ins. Co. [Winn],

*supra,* at 959). The analysis set forth in *Matter of Nationwide Ins. Co. (Winn) (supra)* has been adopted by this Court (*see, Matter of Lotito v Metropolitan Prop. & Cas. Ins. Co.,* 228 AD2d 443; *see also, Matter of Metropolitan Prop. & Cas. Ins. Co. [Markland],* 227 AD2d 149; *Matter of Nationwide Mut. Ins. Co. [Hunley],* 210 AD2d 947). To the extent that any prior decisions of this Court, such as *Matter of Nationwide Mut. Ins. Co. v Stokes* (215 AD2d 391), and *Matter of Nationwide Mut. Ins. Co. v Corrizzo* (200 AD2d 621), are inconsistent with the above holding, they are not to be followed.

Accordingly, the judgment appealed from is affirmed. Copertino, J. P., Goldstein, McGinity and Luciano, JJ., concur.