In the Matter of NATIONWIDE INSURANCE COMPANY, Appellant, v ROSEMARY DEAN, Respondent. [658 NYS2d 1016] —In an uninsured motorist arbitration proceeding, the petitioner insurance company appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Golden, J.), dated May 8, 1996, as granted the motion of the respondent Rosemary Dean to confirm an award in her favor and denied its cross motion to vacate the award or to modify it by reducing the sum awarded by the amount of workers' compensation benefits paid to the respondent.

Ordered that the order and judgment is modified, on the law, by (1) deleting the provision thereof denying the appellant's cross motion, and substituting therefor a provision granting that branch of the appellant's cross motion which was to modify the award by reducing the limits of the respondent's underinsured motorist's benefits by the amount of workers' compensation paid to the respondent, (2) deleting the provision which granted the respondent Rosemary Dean's motion to confirm the arbitration award in its entirety, and substituting therefor a provision granting the motion only to the extent of awarding Rosemary Dean the principal amount of $21,387.87 plus prejudgment interest, and (3) deleting from the third decretal paragraph thereof the words "the sum of forty thousand dollars and no cents ($40,000)" and substituting therefor "$21,387.87"; as so modified, the order and judgment is affirmed insofar as appealed from, with costs to the appellant.

The respondent Rosemary Dean procured an automobile liability insurance policy through the petitioner Nationwide Insurance Company (hereinafter Nationwide) which provided her with $50,000 in uninsured/underinsured supplemental coverage. The policy expressly provided for a reduction in the limits of her uninsured motorist coverage by, *inter alia,* any sums "payable under workmen's compensation * * * laws". Here, Dean received $28,612.13 in workers' compensation benefits. Therefore, Nationwide is entitled to an offset for the workers' compensation benefits paid to Dean *(Matter of Lyons v National Union Fire Ins. Co.,* 208 AD2d 540; *Matter of United States Fire Ins. Co. v Fotinakos,* 203 AD2d 296; *see, Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.],* 81 NY2d 219). Dean's contentions to the contrary are without merit. Miller, J. P., Thompson, Joy and Luciano, JJ., concur.