■ In the Matter of Scott P. Enser, Respondent, v New York Central Mutual Fire Insurance Company, Appellant. (Proceeding No. 1.) In the Matter of Antonio Demarco, Respondent, v New York Central Mutual Fire Insurance Company, Appellant. (Proceeding No. 2.) In the Matter of Jessica Signa, Respondent, v New York Central Mutual Fire Insurance Company, Appellant. (Proceeding No. 3.) [658 NYS2d 421] —In three proceedings pursuant to CPLR article 75 to confirm underinsurance motorist arbitration awards, the New York Central Mutual Fire Insurance Company appeals from (1) an order of the Supreme Court, Orange County (Slobod, J.), dated April 5, 1996, regarding Scott P. Enser; (2) an order of the same court (Slobod, J.), dated June 4, 1996, regarding Antonio Demarco; and (3) an order of the same court (Peter C. Patsalos, J.), dated September 19, 1996, regarding Jessica Signa, all of which confirmed the respective awards without reduction or offset.

Ordered that the orders are affirmed, with one bill of costs.

The appellant insurance company contends that the award should have been reduced by the amount received by the petitioner from the tortfeasor. However, pursuant to the terms of the underinsurance endorsement at issue, other than offsets not relevant here, the policy provides only that "the *limit of liability* shall be reduced by all sums paid because of 'bodily injury' by or on behalf of persons or organizations who may be legally responsible" (emphasis added). Here, since the aggregate amount awarded the petitioner from the appellant and the tortfeasor did not exceed the stated policy limits, the underinsurance endorsement was not violated. In any event, because the policy was issued prior to October 1, 1993, the effective date of Insurance Department Rule 35-D, and sets forth separate and distinct endorsements for underinsured and uninsured motorist coverage, a reduction in coverage provision would be unenforceable *(see, e.g., Matter of Commercial Union Ins. Co. v Mandel,* 234 AD2d 544; *Matter of Paolilli v Aetna*

*Ins. Co.,* 228 AD2d 683; 11 NYCRR 60.2 [now 60-1.2] *et seq.; cf., Matter of Nationwide Ins. Co. v Ohrablo,* 236 AD2d 541).

We have examined the appellant's remaining contentions and find them to be without merit. Mangano, P. J., O'Brien, Ritter and McGinity, JJ., concur.