■ In the Matter of GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant, v WILLIAM E. O'HAIRE, JR., Respondent. [667 NYS2d 917] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an underinsured motorist claim, the petitioner appeals (1) from an order of the Supreme Court, Nassau County (Adams, J.), dated February 3, 1997, which denied the petition, and (2) as limited by its brief, from so much of an order of the same court, dated June 16, 1997, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated February 3, 1997, is dismissed, as that order was superseded by the order dated June 16, 1997, made upon reargument; and it is further,

Ordered that the order dated June 16, 1997, is reversed insofar as appealed from, and upon reargument, the petition is granted, the arbitration is stayed, and the order dated February 3, 1997, is modified accordingly; and it is further,

Ordered that the appellant is awarded one bill of costs.

The offset provision relied upon by the petitioner insurance carrier is enforceable because the policy contains a "single, combined * * * limit of uninsurance/underinsurance" covered by one premium and a "combined" endorsement for uninsured and underinsured coverage (*Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.]*, 81 NY2d 219, 223, 230). That the offset provision was not contained in the declaration page of the policy does not warrant a contrary conclusion (*compare,* 11 NYCRR 60-2.3 [a] [2] [requiring offset provision to be on declaration page of policies effective after Oct. 1, 1993]). Rosenblatt, J. P., O'Brien, Thompson, Friedmann and Goldstein, JJ., concur.