■ In the Matter of the Arbitration between METROPOLITAN PROPERTY AND CASUALTY INSURANCE Co., Respondent, and

BETTY LOU HOLLINGSWORTH, as Parent and Legal Guardian of JEMEMIAH THOMAS, an Infant, Appellant. [668 NYS2d 785] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted the petition seeking a stay of underinsurance arbitration. Pursuant to the uninsured motorist coverage section of the policy, petitioner is entitled to offset the amount recovered by respondent in settlement of the underlying personal injury action (*see, Matter of Allstate Ins. Co. [Stolarz-N. J. Mfrs. Ins. Co.]*, 81 NY2d 219, 223; *Matter of Lotito v Metropolitan Prop. & Cas. Ins. Co.*, 228 AD2d 443). We reject respondent's contention that petitioner is not entitled to enforce the offset provision on the ground that the policy sets forth underinsured motorist coverage in a separate endorsement (*see, Matter of New York Cent. Mut. Fire Ins. Co. [McGill]*, 244 AD2d 865; *Matter of Nationwide Ins. Co. [Winn]*, 215 AD2d 958, *lv denied* 87 NY2d 807). The policy expressly incorporates the underinsured motorist coverage endorsement into the uninsured motorist coverage section (*see, Matter of Nationwide Ins. Co. [Winn], supra*, at 959). Further, "[t]he dispositive issue is whether there is a single combined limit of uninsured/underinsured motorist coverage, not whether there is a single endorsement" (*Matter of New York Cent. Mut. Fire Ins. Co. [McGill], supra*, at 866). (Appeal from Order of Supreme Court, Herkimer County, Parker, J.—Arbitration.) Present—Green, J. P., Lawton, Wisner, Callahan and Fallon, JJ.