In the Matter of the Application
OF ALLSTATE INSURANCE
COMPANY, Plaintiff,

v.

Maria URBAN, Defendant.

No. 97 CV 6349.

United States District Court,
E.D. New York.

Oct. 26, 1998.

Bruno, Gerbino & Macchia, LLP, Melville, NY, by Robert P. Macchia, of counsel, for Plaintiff.

Baxter & Smith, Jericho, NY, by Arthur J. Smith, of counsel, for Defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

The plaintiff Allstate Insurance Company ("Allstate" or the "plaintiff") moves this Court to set-off the sum of $25,000 from a $90,000 jury award to Maria Urban ("Urban" or the "defendant") on the ground that Urban had already received $25,000 from an underinsured motorist who was involved in the accident that caused the injuries to Urban.

## I. BACKGROUND

The present motion stems from a motor vehicle accident that took place in May, 1985 when the car operated by Urban was struck by another vehicle, causing her to suffer multiple injuries. The driver of the other car was underinsured and ultimately settled the liability claim with Urban in the amount of $25,000. Urban, however, had an automobile liability insurance policy (the "policy") with Allstate which included protection against accidents with drivers who are underinsured. The declaration page of the policy that was in effect at the time of the accident states, "Uninsured Motorist Bodily Injury $100,000 Each Person—$300,000 Each Accident." The forty-six page policy itself defines an uninsured auto as both "a motor vehicle which has no bodily injury liability bond or insurance policy in effect at the time of the accident" and "an underinsured auto." (Policy at 17).

The action was originally brought in the New York State Supreme Court, Nassau County. Pursuant to 28 U.S.C. §§ 1332 and 1441, Urban removed the case to the United States District Court, Eastern District of New York. After an arbitration hearing and award, Allstate requested a *de novo* jury trial pursuant to the terms in the policy. As stated above, after a jury trial, Urban was awarded the sum of $90,000. Allstate now claims that the $25,000 previously paid by the other driver's insurance company should be set-off against the $90,000 jury award. Allstate contends that their policy was unambiguous and that a set-off should apply in this situation. In opposition, Urban contends that the declaration page was ambiguous and did not specifically provide for a set-off. Moreover, Urban submits that while the policy includes a provision for a set-off, the declaration page should control and that she, therefore, is entitled to the full $90,000 awarded by the jury.

## II. DISCUSSION

The law regarding the interpretation of insurance policies is well settled. Any ambiguities in the policy must be strictly construed against the insurer, who drafted the policy, and in favor of the insured. *See*

*United Community Insurance Co. v. Muca-tel,* 127 Misc.2d 1045, 487 N.Y.S.2d 959 (Sup. Ct.NY Co.1985), *aff'd,* 119 A.D.2d 1017, 501 N.Y.S.2d 761 (1st Dep't.1986), *aff'd,* 69 N.Y.2d 777, 513 N.Y.S.2d 114, 505 N.E.2d 624 (1987); *American Home Assurance Co. v.. Hartford Ins. Co.,* 74 A.D.2d 224, 427 N.Y.S.2d 26 (1st Dep't.1980); *Little v. Blue Cross,* 72 A.D.2d 200, 424 N.Y.S.2d 553 (4th Dep't.1980).

Several state decisions have held that the carrier is not entitled to a set-off where the policy declaration page does not include a specific provision authorizing such reduction. *See Mucatel, supra; Nationwide Mutual Ins. Co. v. Corizzo,* 200 A.D.2d 621, 606 N.Y.S.2d 719 (2d Dep't.1994); *Nationwide Mutual Ins. Co. v. Davis,* 195 A.D.2d 561, 600 N.Y.S.2d 482 (2d Dep't.1993); In *Muca-tel,* the New York Supreme Court held that policies containing *strictly underinsurance* offset provisions are misleading and ambiguous and thus should not be enforced. *Muca-tel,* 127 Misc.2d at 1046, 487 N.Y.S.2d at 961. In *Davis,* the Second Department held that "The face sheet does not indicate that the payment of the *underinsured* motorist benefits will be subject to a reduction as it does for collision and comprehensive coverages." *Davis,* 195 A.D.2d at 562, 600 N.Y.S.2d at 483 (emphasis added). Therefore, the Second Department held that the policy was ambiguous and thus did not warrant a set-off. Similarly, in *Corizzo,* the Second Department held that "this court has specifically held that an insurance carrier may not set-off the amounts that its policy holder had recovered from others against the full amount of the *underinsured* limits.... The face sheet does not indicate that the payment of *underin-sured* motorist benefits would be subject to a reduction as it does for collision coverage." *Corizzo,* 200 A.D.2d at 622, 606 N.Y.S.2d 719 (emphasis added).

However, the New York Court of Appeals, in *In Matter of Arbitration between Allstate Insurance Company and Stolarz (Kathleen), New Jersey Manufacturers Insurance Company,* 81 N.Y.2d 219, 613 N.E.2d 936, 597 N.Y.S.2d 904 (1993) held that the decision in *Mucatel* and its progeny were strictly limited to situations where the policy in question was for *under* insurance, not a combined underin-surance and uninsurance policy. The Court

stated that, "*Mucatel* involved strictly an un-derinsurance clause, whereas here the policy is written with a single limit of un/underin-surance. The distinction is critical." *Id.* at 223, 613 N.E.2d at 937, 597 N.Y.S.2d 904. Further, the Court stressed that the decision in *Mucatel* was not only limited to a policy involving only an underinsurance clause, but that the rationale was based upon a policy that would never pay the insured in full. *Id.*

Therefore, where the insurance policy at issue clearly is a combination underin-sured/uninsured policy, the courts have refused to follow the rationale set forth in *Mucatel, Davis,* and *Corizzo* and have permitted a set-off. *See Metropolitan Property and Casualty Ins. Co. v. Hollingsworth,* 1998 N.Y. Slip Op. 00888, 668 N.Y.S.2d 785 (4th Dep't.1998); *Nationwide Mutual Ins. Co. v. Damaskinos,* 238 A.D.2d 511, 657 N.Y.S.2d 928 (2d Dep't.1997); *Bauso v. Allstate Ins. Co.,* 227 A.D.2d 578, 643 N.Y.S.2d 190 (2d Dep't.1996); *In Matter of Arbitration Between Nationwide Insurance Company and Melissa Winn,* 215 A.D.2d 958, 627 N.Y.S.2d 161 (3rd Dep't.1995).

In this case, the critical issue for the Court to resolve, therefore, is whether the Allstate policy combined both underinsured and uninsured coverage. While the declaration page at issue states "Uninsured Motorist Bodily Injury," and does not specify whether the policy covers underinsurance, the policy itself defines uninsurance as also encompassing un-derinsurance coverage. (Policy at 17). Thus, it is clear that the policy in question combined both underinsurance and uninsu-rance liability coverage and the ruling by the New York Court of Appeals in *Stolarz* should apply. In addition, while the Court is mindful that the policy in question must be strictly construed against the insurer and in favor of the insured, it cannot be disputed that the policy itself expressly provides for a set-off where the insured receives compensation from an underinsured driver. The policy states:

> [a]ny amount payable under the terms of this coverage, including amounts payable for care or loss of services, because of bodily injury sustained by one person, shall be reduced by (1) all sums paid to one

**326**

or more insureds on account of such bodily injury by or on behalf of (i) the owner or operator of the uninsured automobile (Policy at 40). While Urban urges the Court to look only at the declaration page and ignore the specific provisions in the policy, she has been unable to cite any authority in support of this position. In fact, the Second Department recently held that a set-off provision in an insurance policy is enforceable even where the provision is not contained in the declaration page. *See Government Employees Ins. Co. v. O'Haire*, 1998 N.Y. Slip Op. 01168, 667 N.Y.S.2d 917 (2d Dep't.1998). Therefore, given the decisions in *Stolarz* and *O'Haire*, as well as the fact that the policy in question combined underinsurance and uninsurance coverage, the Court is obligated to examine the entire policy, not just the declaration page.

Finally, the Court notes that the rationale applied in *Mucatel* does not apply to Urban. In this case Allstate's policy cannot be interpreted in a manner that would limit the insured's potential of being paid in full. In *Mucatel,* the court was confronted with a situation where the policy's stated limit would never be paid in full. In addition, the Court notes with some concern that if the Court were to deny Allstate's request for a $25,000 set-off, Urban would receive a "windfall." Allstate's insurance policy seeks only to prevent the insured from recovering a double payment, a policy that is a fundamental rule in tort law. In fact, the policy of preventing a double payment has been adopted by the New York Superintendent of Insurance who, on June 17, 1992, promulgated a regulation that specifically requires a set-off for amounts recovered from underinsured drivers. *See* 11 N.Y.C.R.R. 60–2.1(c).

Therefore, the Court holds that Urban's jury award of $90,000 must be set-off by $25,000, the amount which Urban had already recovered from the underinsured driver. Accordingly, Allstate's motion to set-off the sum of $25,000 previously received by Urban, is granted.

### III. CONCLUSION

Upon reviewing the submissions of both parties, and hearing oral arguments, and for the reasons set forth above, it is hereby

**ORDERED,** that Allstate's motion to set-off the jury award of $90,000 by the sum of $25,000 is granted.

The Clerk of the Court is directed to enter judgment in favor of Maria Urban in the sum of $65,000. This Order closes the case.

**SO ORDERED.**