■ In the Matter of TRANSPORTATION INSURANCE COMPANY, Appellant, v KYLE MUELLER, Respondent. [701 NYS2d 655] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an underinsured motorist claim, the petitioner appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), dated December 18, 1998, which, in effect, granted the respondent's motion to vacate a prior order of the same court dated December 8, 1997, granting the petition upon the respondent's default in appearing, and directed the parties to proceed with the arbitration.

Ordered that the order dated December 18, 1998, is reversed, on the law, with costs, the motion is denied, and the order dated December 8, 1997, is reinstated.

It is well settled that a party seeking to vacate a default must demonstrate both a meritorious claim and a reasonable excuse for the default (*see,* CPLR 5015 [a] [1]; *Matter of Atlantic Mut. Ins. Co. v Shaw,* 222 AD2d 581). Here, the respondent's motion failed to establish these requirements. In any event, the petitioner was entitled to a stay of arbitration, as the offset provision is enforceable (*see, Matter of Allstate Ins. Co. [Stolarz—N. J. Mfrs. Ins. Co.],* 81 NY2d 219). The fact that the offset provision was not contained in the declaration page of the policy would not warrant a contrary conclusion (*see, Matter of Government Empls. Ins. Co. v O'Haire,* 247 AD2d 387; *cf.,* 11 NYCRR 60-2.3 [a] [2] [requiring offset provision to be on declaration page of policies effective after Oct. 1, 1993]). O'Brien, J. P., Sullivan, Goldstein, Luciano and Feuerstein, JJ., concur.