■ In the Matter of LEE SAUNDERS et al., Respondents, v CITY OF NEW YORK, Appellant. [724 NYS2d 724] —Order, Supreme Court, New York County (Lottie Wilkins, J.), entered January 19, 2000, which, *inter alia*, denied respondent City's motion to vacate the default judgment entered against it on or about July 23, 1999, confirming an arbitration award in petitioner's favor and entitling petitioner to recover from respondent the principal sum of $15,000, unanimously affirmed, without costs.

Respondent City's motion to vacate its default was properly denied in view of its failure to set forth a reasonable excuse for its repeated failure to appear and a meritorious defense to confirmation of the arbitration award in petitioner's favor. Respondent City failed to appear at four scheduled court dates, and despite its attorney's personal assurances to the court that there would be no default on the fifth court date, marked final by the court, it was absent from court on that occasion as well. This conduct, evincing such a complete lack of regard for the court and the legal process, is not excusable pursuant to CPLR 2005 as law office failure (*cf.*, *Matter of Baldini v New York City Empls. Retirement Sys.*, 254 AD2d 128). Moreover, it is plain that respondent has no meritorious defense to confirmation of the subject arbitration award. The arbitrator's award of $15,000 in severance pay, pursuant to the terms of a severance incentive program agreement, is supported by the record. In any event, an arbitrator's award "will not be vacated even though * * * his interpretation of the agreement misconstrues or disregards its plain meaning or misapplies substantive rules of law, unless it is violative of a strong public policy, or is totally irrational, or exceeds a specifically enumerated limitation on his power" (*Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308). Here, the arbitration award at issue does not suffer from any of these fundamental defects. Concur—Rosenberger, J. P., Nardelli, Tom, Andrias and Ellerin, JJ.