■ In the Matter of the Arbitration between PHILIP SPIN-DLER, Respondent-Appellant, and NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant-Respondent. [727 NYS2d 483] —Rose, J. Cross appeals from an order of the Supreme Court (Dowd, J.), entered March 22, 2000 in Otsego County, which, *inter alia,* granted petitioner's application pursuant to CPLR 7510 to confirm an arbitration award.

When petitioner was injured in a 1991 motor vehicle accident, the tortfeasor's insurance carrier paid him the $25,000 maximum policy benefit for his injuries. Petitioner then presented a claim to respondent, his insurer, for benefits under the underinsured motorist endorsement of his policy. This claim went to arbitration where the arbitrator found $80,000 in total damages "prior to credit for primary insurance." Deducting the earlier $25,000 payment, respondent sent a $55,000 check payable to petitioner and his wife, Odette Spindler. When respondent refused petitioner's request for a check payable only to himself, he commenced the instant proceeding to confirm the arbitrator's award and obtain an award of interest. Supreme Court granted the petition with respect to the total award of damages, but denied interest. Petitioner and respondent now cross appeal.

As a threshold matter, respondent contends that the proceeding is barred by the 90-day Statute of Limitations contained in CPLR 7511 because the petition effectively sought to modify, rather than confirm, the arbitration award. However, petitioner

sought no modification of the total award, the arbitrator granted no credit to respondent and this proceeding to confirm pursuant to CPLR 7510 was timely commenced.

Respondent next contends that the policy's single combined limit of uninsured and underinsured liability, as set forth on the declarations page, makes the underinsured endorsement's offset clause valid and enforceable. Given that the policy, issued in 1990, clearly contains separate uninsured and underinsured endorsements, we disagree. Where such endorsements are separately stated in the policy, and the language of the underinsured endorsement precludes the insured from ever collecting the full policy limit due to an offset, or reduction in coverage, the clause is ambiguous and not to be given effect (*see, Matter of United Community Ins. Co. v Mucatel*, 127 Misc 2d 1045, *affd* 119 AD2d 1017, *affd* 69 NY2d 777). Only where the policy contains a single integrated uninsured/underinsured endorsement, as now required by 11 NYCRR subpart 60-2, and it is possible for the insured to collect the full policy benefit, will such an offset provision be valid (*see, Matter of Allstate Ins. Co. [Stolarz—N.J. Mfrs. Ins. Co.]*, 81 NY2d 219; *Matter of Enser v New York Cent. Mut. Fire Ins. Co.*, 240 AD2d 492, *lv denied* 91 NY2d 802; *Matter of Nationwide Ins. Co. [Winn]*, 215 AD2d 958, *lv denied* 87 NY2d 807). We decline respondent's suggestion that the Fourth Department decision in *Matter of New York Cent. Mut. Fire Ins. Co. (McGill)* (244 AD2d 865, *lv denied* 91 NY2d 807) should lead us to a different conclusion.

Here, the language of the offset clause* precludes petitioner from ever recovering the entire $300,000 policy limit because the triggering event of damage caused by an underinsured driver implicitly assumes some level of other insurance coverage, such as the statutory minimum (*see generally, Matter of United Community Ins. Co. v Mucatel, supra*, at 1046). Thus, even if petitioner sustained injuries warranting an award exceeding the policy limit, he could never receive the full policy benefit because it would be reduced to $275,000 if a credit were allowed for the amount paid under the tortfeasor's policy. Accordingly, we find respondent's offset clause to be void as ambiguous and petitioner is entitled to the full arbitrator's award of damages.

Finally, we will consider petitioner's contention on its cross appeal that respondent's tender of payment of the award was invalid because the check was payable to him and his wife, and that, for this reason, he is entitled to interest on the tendered

---

\* "[T]he limit of liability shall be reduced by all sums paid * * * by or on behalf of persons or organizations who may be legally responsible."

$55,000. Although petitioner's wife was not a named insured under respondent's policy, she was named by respondent as a party in the arbitration without objection by petitioner, and respondent therefore had a reasonable basis for including her as a payee. Thus, we find no error in Supreme Court's determination that respondent's tender was not invalid and no interest accrued thereafter.

Crew III, J. P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.