■ CHERYL L. GOLDMAN, Appellant, v GEICO GENERAL INSURANCE COMPANY, Respondent. [739 NYS2d 360] —Order, Supreme Court, New York County (Franklin Weissberg, J.), entered on or about January 18, 2001, which, upon the parties' respective motions for summary judgment, declared in favor of defendant insurer that the maximum amount payable under the subject policy's supplementary uninsured/underinsured motorist insurance coverage (SUM) is the policy's SUM limit reduced and thus offset by the amount plaintiff insured recovered from the tortfeasor, and dismissed plaintiff's cause of action under General Business Law § 349 for deceptive business practices, unanimously affirmed, without costs.

The motion court correctly held that the insurer's enforcement of the policy's SUM coverage offset was not affected by the insurer's failure to include the SUM coverage offset language required by 11 NYCRR 60-2.3 (a) (2) on a declarations page that it issued not as part of a new or renewal motor vehicle liability insurance policy, but rather to correct erroneous information about the insured's vehicle contained on the declarations page that was issued as part of a new or renewal policy several months earlier. By its terms the regulation applies only to declarations pages of new or renewal policies, and the insured does not dispute that the later page was not issued as part of a new or renewal policy, that the earlier page was issued as part of a new or renewal policy, and that the earlier page contained the requisite language. Nor is there merit to the insured's General Business Law § 349 claim based on the insurer's having forwarded to the arbitrator, at the latter's request, what purported to be a copy of the corrected declarations page containing the offset language. As the motion court stated, since the insurer had sent the original corrected declarations page to the insured, the inaccuracy could not possibly have been an attempt to deceive the arbitrator, but rather, as explained by the insurer's underwriter, a faulty reconstruction of a document that the insurer does not normally retain under the inaccurate assumption that the offset language normally included in such a document was included in this one as well. In any event, the insurer's act of submitting an incorrect declarations page to the arbitrator does not constitute consumer-oriented conduct having a broad impact on consumers at large,

and accordingly is not within the ambit of the statute (*see, New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 320). We have considered plaintiff's other arguments and find them unavailing. Concur—Mazzarelli, J.P., Ellerin, Lerner, Rubin and Marlow, JJ.