OPINION OF THE COURT
Eugene M. Fahey, J.
Plaintiff, James E. Wick, commences a declaratory judgment action to determine that the amount of coverage afforded him under the underinsured motorist provisions of his policy with his insurer, defendant, Encompass Insurance Company, formerly known as CNA Personal Insurance, and Continental Insurance Co., is $50,000.
Plaintiff Wick now moves for summary judgment.
Plaintiff Wick’s motion is granted.
On July 23, 1999, plaintiff Wick was struck while driving his motorcycle by a motor vehicle driven by Marian Madigan.
*450 Madigan’s coverage limit on her auto’s insurance was $25,000 per person and $50,000 per accident. The $25,000 was tendered by Madigan’s insurer in July of 2000.
Defendant Encompass has taken the position that it is entitled to a $25,000 offset relative to its own uninsured/ underinsured coverage of $50,000.
After reviewing the declaration page of the policy in question, and relevant New York State case law, the court concludes that defendant Encompass’ position is without merit.
The policy was issued in April 1999. The declarations page read in pertinent part:
“below is a list of the coverages included under this policy.
COVERAGE IS PROVIDED ONLY WHERE A LIMIT AND A PREMIUM IS SHOWN FOR THE COVERAGE.
COVERAGE LIMIT PREMIUM
liability: $100000 per accident $ 30
uninsured motorist be $25000/$50000 per person/per accident 1
supp un/underinsured motorist: $50000 per accident 6
personal injury protection: $50000 per person per accident 5
medical payments: $5000 per person per accident V”
The declarations page first improperly states the mandatory uninsured motorist’s coverage and then states the SUM limits, rather than stating the SUM limits instead of the mandatory coverage, as required by 11 NYCRR 60-2.3 (a) (1).
Additionally, there is no “plain language” offset provision regarding the SUM coverage on the declarations page as required by 11 NYCRR 60-2.3 (a) (2).
A layman would thus have to examine the entire policy (exhibit C, plaintiff Wick’s notice of motion) to precisely determine his underinsured rights. He would then confront a table of contents, a 12-page policy, a 9-page New York State Conformance Endorsement, a 2-page New York Supplemental Uninsured/Underinsured Motorists Coverage Notice, a 4-page Personal Injury Protection New York, and a 4-page Supplementary Uninsured/Underinsured Motorists Endorsement— New York — before getting to the declarations page. He would then have to understand that paragraphs 5 and 6 of the “Conditions” part of the Supplementary Uninsured/Underinsured Motorists Endorsement define what the “$25,000.00 Uninsured Motorist BI” coverage and the “$50,000.00 Supp Un/ Underinsured Motorist” coverages actually covered.
In the 1985 case Matter of United Community Ins. Co. v Mucatel (127 Misc 2d 1045, affd without op 119 AD2d 1017, affd for reasons stated at Special Term 69 NY2d 777), the learned *451 Justice Ira Gammerman found a reduction-in-coverage clause in an underinsurance context invalid as inherently misleading and ambiguous. The court held that the ambiguity must be strictly construed against the insurer draftsman and in favor of the insured, particularly where the ambiguity was in the exclusionary clause, and the burden of proving lack of coverage was on the insurer.
Although Mucatel is distinguished in Matter of Allstate Ins. Co. (Stolarz — New Jersey Mfrs. Ins. Co.) (81 NY2d 219 [1993], revg 178 AD2d 899), involving a single limit uninsurance/ underinsurance coverage case, and over the vigorous dissent of Judge Hancock, the Court recognized the essential state interest underlying Mucatel, and what the Court takes as the central rationale for the enactment of 11 NYCRR 60-2.3 — “that consumers purchasing insurance in this State should not be deceived by misleading policy limits” (Allstate [Stolarz], supra at 227).
This case, as opposed to Allstate (Stolarz) (supra), does not involve a single limit uninsurance/underinsurance coverage situation with a single payment. Rather, the insured made two payments for, presumably, two distinct coverages.
The New York courts have frowned on this device as it relates to offset provisions. “A reduction in coverage clause is only enforceable when a policy contains a single combined limit of uninsured and underinsured motorists coverage * * * Here the policy does not contain a single combined endorsement for uninsured and underinsurance motorists coverage. Thus the reduction in coverage clause is unenforceable” (Paolilli v Aetna Ins. Co., 228 AD2d 683, 684 [2d Dept 1996]).
The court notes Goldman v GEICO Gen. Ins. Co. (292 AD2d 162 [1st Dept 2002]). The case is clearly distinguishable. The First Department there concluded that the insurer’s enforcement of the policy’s SUM coverage offset was not affected by its failure to include the SUM coverage offset language on the declarations page, as required by the regulation, because that page was issued to correct erroneous information about the vehicle in the original declarations page. The regulation applied only to original declarations pages, the Court ruled, and the original page contained the requisite language (Goldman, supra at 162).
Due to defendant Encompass’ failure to comply with 11 NYCRR 60-2.3, to state that the maximum amount payable under the SUM coverage would be reduced and thus offset by any negligent party’s policy’s payment, and the inherent *452 ambiguities introduced by that failure, which the court construes against defendant Encompass, the court follows Mucatel (supra) and Paolilli (supra) and determines that any reduction in coverage clause is unenforceable.
Plaintiff Wick’s motion for summary judgment is granted.