■ In the Matter of WALTER EIDELKIND, Appellant, v MURRAY WINTER et al., Respondents, and BERNARD EISEN, Respondent. [769 NYS2d 398]—

In a proceeding pursuant to CPLR article 75, Walter Eidelkind appeals from (1) a judgment of the Supreme Court, Suffolk County (Hall, J.), entered September 25, 2002, upon an order of the same court dated July 23, 2002, which, upon his default, granted the application of Bernard Eisen, doing business as Capital Resources Co., to modify an arbitration award dated December 5, 2001, and to confirm the award as modified, and (2) an order of the same court dated September 23, 2002, which denied his motion, inter alia, to vacate his default.

Ordered that the appeal from the judgment is dismissed, as no appeal lies from a judgment entered upon the default of the appealing party (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to Bernard Eisen, doing business as Capital Resources Co.

The parties have engaged in protracted arbitration for over six years in connection with a joint venture agreement made in 1994. A final arbitration award was issued on December 5, 2001, and, in February 2002, Bernard Eisen, doing business as Capital Resources Co. (hereinafter Eisen), brought the instant application in a proceeding that had been commenced several years earlier by Walter Eidelkind in the Supreme Court, Suffolk County, in connection with the arbitration controversy, to modify the award and then confirm the award as modified. At the same time, Walter Eidelkind commenced a proceeding in the Supreme Court, New York County, to vacate the award. In an order dated March 15, 2002, the Supreme Court, New York County, denied Eidelkind's petition without prejudice to renewal in the Supreme Court, Suffolk County.

According to Eidelkind, he intended to submit his papers in the New York County proceeding as opposition papers to Eisen's application in the instant proceeding. However, he failed for several months thereafter to submit any papers to the Supreme Court, Suffolk County. Pursuant to authorization by the Supreme Court, Suffolk County, Eisen advised Eidelkind by letter dated July 3, 2002, that the proceeding would go forward in his absence unless his answering papers were received by July 23, 2002. By order dated July 23, 2002, the Supreme Court, Suffolk County, granted Eisen's application and noted that

Eidelkind failed to submit any opposition papers. A judgment was entered upon the order.

Eidelkind thereafter moved, inter alia, to vacate his default. Although the Supreme Court incorrectly characterized his motion as one for reargument, the motion was properly denied. In order to prevail on the motion to vacate his default, Eidelkind was required to demonstrate both a reasonable excuse for his default and a meritorious defense (*see Matter of AIU Ins. Co. v Fernandez,* 281 AD2d 542 [2001]; *Matter of Transportation Ins. Co. v Mueller,* 268 AD2d 526 [2000]). Eidelkind submitted an affirmation by his attorney in support of the motion. The attorney's unsubstantiated and self-serving claims of clerical error regarding the failure to submit any opposition papers, and his denial of receipt of the July 3, 2002, letter from Eisen's attorney, do not constitute a reasonable excuse for the default (*see Platonov v Sciabarra,* 305 AD2d 651 [2003]; *Fennell v Mason,* 204 AD2d 599 [1994]; *Morris v Metropolitan Trans. Auth.,* 191 AD2d 682 [1993]). Furthermore, Eidelkind failed to establish the existence of a meritorious defense to modification of the award and confirmation of the award, as modified (*see Matter of Saunders v City of New York,* 283 AD2d 213 [2001]). S. Miller, J.P., Krausman, Townes and Cozier, JJ., concur.